## CATHARINE S. SEIFERT, Appellant, v. RICHARD CAVERLY, Respondent.

*Service by mail on attorneys residing in the same city — the address must be precise — a default opened without terms.*

The attorney for the plaintiff had stated his address, upon the summons and complaint in an action, as 199 Pearl street, Buffalo, N. Y. The defendant's attorney, who resided in the same city, served a notice of trial upon him by mail, addressed to the plaintiff's attorney No. —— Pearl street, Buffalo, N. Y.

*Held,* that the service was not good under section 797, subdivision 1 of the Code of Civil Procedure.

That while such a service may be made by mail, the party who adopts it must comply strictly with the statute, and must give the precise address which appears upon the papers served.

That, where judgment has been taken against the plaintiff at a term of the court for which the cause has been thus noticed, and there is no proof of the actual receipt of the notice of trial by the plaintiff's attorney, he has an absolute right to have the default opened without the imposition of any condition.

APPEAL by the plaintiff, Catharine S. Seifert, from that part of an order made by the Erie county judge, and entered in the office of the clerk of said county on the 10th day of March, 1891, which imposes the condition upon which an alleged default is opened, and refuses to vacate the judgment, which portion orders that: "The default above-mentioned be and the same is so far opened and set aside that this action may be brought on for trial and tried upon the condition, however, that on or before the 14th day of March, 1891, the plaintiff herein pay all the disbursements which have been paid or incurred by the defendant herein · upon the taking of such default, and since the taking of the same, including all fees to the sheriff of the county of Erie, on account of the execution issued on the judgment above-mentioned, and upon the advertisement of the sale of the plaintiff's real estate by virtue of said judgment, and the further sum of ten dollars costs of this motion to the attorneys for the defendant herein on or before the said 14th day of March, 1891.

"It is further ordered that the judgment so taken and entered in this action stand as security to the defendant for any judgment which he may hereafter recover in this action.    *    *    *

"It is further ordered that in case the plaintiff fails or neglects to perform the above conditions, then this motion to open said default is denied, with ten dollars costs of the same to the defendant."

*O. C. De Witt*, for the appellant.

*Charles E. Forsythe*, for the respondent.

MACOMBER, J.:

At a term of the County Court of Erie county, held on the 19th day of January, 1891, this cause, it is claimed by the defendant, was duly noticed for trial. The plaintiff's counsel happening to be in court on that day discovered the cause on the day calendar and objected to its continuance there, upon the ground that no notice of trial had been served upon him. Thereupon the court, without the consent of the plaintiff's attorney, set the case down for the following day. On that day, namely, the 20th of January, 1891, the cause was reached, the plaintiff did not appear, and under an affidavit showing the deposit of a proper notice of trial in the post-office directed to the plaintiff's attorney, the defendant was allowed to move the case and to obtain an order by default dismissing the complaint, with costs.

The motion to open such default was made upon the ground, mainly, that the proof of the service of the notice of trial adduced by the defendant's attorney did not show that it was served upon the plaintiff's attorney by being mailed to his office, addressed as designated by him upon the preceding papers served by him in this cause. The true address of the plaintiff's attorney was 199 Pearl street, Buffalo, N. Y., and this appears upon the papers signed by him in the case, such as the summons and complaint, etc. The notice of trial was addressed to the plaintiff's attorney by his correct name, "No. — Pearl street, Buffalo, N. Y." The offices of the attorneys of the respective parties are not only in the same city, but are located on the same street. Section 797 of the Code of Civil Procedure permits the service of a notice of trial by depositing it, properly inclosed in a post-paid wrapper, in the post-office of the party or attorney serving it, directing it to the person to be served "at the address, within the State, designated by him for that purpose upon the preceding papers in the action." Undoubtedly, under it, the service of papers by mail may be made in an action after the beginning thereof, though the attorneys live in the same city or town. But to make such service complete it is necessary that the correct address, by a street number, be given upon a post-paid wrapper

where such address appears upon papers which have been served in the case. In this respect the address of the envelope was fatally defective. The affidavit of the plaintiff's attorney that he did not receive the notice of trial is made positively, and is corroborated by that of his managing clerk. While it is true that the failure of the mails is not to be ascribed to the parties depositing mail matter when it is post-paid and properly addressed, yet, when the question depends upon the regularity of such service, in the absence of proof of the actual receipt of that paper, the party claiming to be regular under this provision of the Code must show affirmatively that the envelope was addressed to the party at the place designated by him for the purpose of serving papers. In this respect the defendant's proofs, on taking a dismissal of the complaint, were fatally defective.

The question, therefore, before the County Court was not one of discretion. On the contrary, it was one of absolute right on the part of the plaintiff to have the default, which had been taken against him, opened upon showing the fact that he had not received a notice of trial, and that the pretended notice of trial claimed to have been sent by the defendant's attorney did not conform to the Code of Civil Procedure in respect to the service of the papers. (*Yates* v. *Guthrie,* 119 N. Y., 420.) We think the court erred in imposing any condition upon the plaintiff in granting the motion; and for this reason that part of the order appealed from should be reversed.

Counsel for the plaintiff claims that this court should now order a restitution of the moneys which were paid in pursuance of the terms of the order. While it is true that restitution should be made in case the payment of the money was obtained as a condition of releasing the levy by execution upon the plaintiff's property, yet we do not think that there were sufficient facts laid before us in these appeal papers to enable us to make such an order at the present time. The defendant has not been heard on that question. The plaintiff should make such application to the County Court in the premises as she may be advised.

DWIGHT, P. J., and LEWIS, J., concurred.

So much of the order as is appealed from reversed, with ten dollars costs and disbursements.