(57 App. Div. 218.)

### FARLEY v. STOWELL.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

APPEAL—"CASE"—SERVICE.

The denial of a motion to require an attorney to accept service of a "case" and exceptions is proper where he has never refused to receive them when properly served, and has merely neglected to reply to a letter asking him to accept service.

Smith and Kellogg, JJ., dissenting.

Appeal from special term, Chemung county.

Action by William W. Farley against William H. Stowell. From an order denying defendant's motion to require plaintiff to accept service of a "case" and exceptions, he appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Judson A. Gibson, for appellant.
A. A. White, for respondent.

PARKER, P. J. Upon the coming in of the verdict in this action a motion was made for a new trial upon the judge's minutes, under section 999 of the Code. In response thereto the order of February 1st was made. It is difficult to understand why a "case" and exceptions was therein directed, as none was needed in order to hear the motion, which is ordered to be brought on thereafter at the judge's chambers; but such was the practice which the defendant's attorney seems to have adopted, and the plaintiff's attorney, upon the receipt of the "case" and exceptions by him, was justified in considering it as served under such order, and in pursuance of such practice. He was also justified in returning it, inasmuch as he did not receive it until after the 60 days allowed by such order had expired. We cannot conclude that it was served in time, because the defendant's affidavit does not show any service at all. His statement that it was deposited in the post office at Elmira does not show a service, because he does not state that it was addressed as required by the Code, nor that the postage thereon was prepaid. Code, § 797. And, as is insisted by the defendant's counsel, we are not at liberty to consider on this appeal the affidavit of the plaintiff's counsel, which is printed in the record, because the order appealed from does not recite that it was used on the motion. Hence we can derive no aid from that affidavit upon the question of when or how service was made. After the plaintiff's

attorney returned the "case" and exceptions, the defendant's attorney, by the letter of April 5th, for the first time suggested that a change was intended in the defendant's practice; that the motion for a new trial was to be abandoned, and that the only review to be asked was by an appeal directly from the judgment; and, in substance, he asks in such letter that the plaintiff's attorney will write him if he desires to accept the "case" and exceptions as having been served pursuant to such a plan. A copy of the judgment as entered had been served upon the defendant's attorney February 24th by mail, and on or about that date a notice of appeal therefrom had been served by mail upon the plaintiff's attorney; and it is therefore probable that under rule 32 the defendant's time to serve a "case" and exceptions for the purpose of that appeal had not expired on the day when the plaintiff's attorney returned them. But, as stated above, the plaintiff's attorney at that time had no intimation that such was the purpose of the defendant's attorney, and he was, therefore, regular in returning them as he did. Under such circumstances I know of no rule of practice that required the plaintiff's attorney to make any reply to the request contained in the defendant's letter. He did not reply at all. Therefore he has never declined to receive the "case" and exceptions when properly served. He has never returned them when received under circumstances which required him to keep them. Without deciding whether the defendant had the right to abandon, on notice merely, a motion that was pending, as this one was, and to proceed to review the case in an entirely different manner, it is clear that until he had given such notice the plaintiff's attorney was regular in returning the "case" and exceptions. And it is also clear that no service whatever has, as yet, been made by the defendant's attorney of his "case" and exceptions, as constituting a part merely of his appeal from the judgment. I do not find anywhere in this record that the plaintiff's attorney has refused to accept a service for that purpose, regularly made, and I conclude, therefore, that the defendant was not entitled to an order requiring the plaintiff to do so. Had the defendant made such a service, and the plaintiff's attorney then refused to accept it, the question which he now argues would have been presented. The mere neglect on the plaintiff's part to reply to the letter referred to does not, however, amount to a refusal to accept, and therefore warrant the order asked for. Two positions seem to have been taken upon the motion at special term,—one that the case and exceptions had been served in the time required by the order of February 1st; the other that the proceedings under that order had been abandoned, and the "case" and exceptions were in time under rule 32, as having been served as part of the record on appeal only, within 30 days after notice of the entry of judgment. As shown above, the order there made might very well have denied the motion, with costs. The one which was made, and from which this appeal is taken, is not clear as to the grounds upon which it is based. It does not, however, appear to be any more onerous against the defendant than the situation required, and therefore it should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except SMITH and KELLOGG, JJ., who dissent.