Matter of the Estate of MAX FLATAUER, Deceased.

(Surrogate's Court, New York County, May, 1917.)

Appeal — notice of — time within which appeal must be taken — Surrogate's Court — executors and administrators — service — motions and orders — Code Civ. Pro. § 2756.

Under the provision of section 2756 of the Code of Civil Procedure, that an appeal must be taken within thirty days after the service of a copy of the decree, or order from which the appeal is taken, and a written notice of the entry thereof, except that the party entering such decree or order shall not be entitled to further notice to limit his time to appeal, a party serving a copy of the decree with written notice of its entry must be taken to have entered the decree and his time to appeal runs from the time of such service by him.

A copy of a decree made upon the judicial settlement of the account of an executor, with notice of entry thereof, was served on the executor's attorneys by the attorneys of testator's widow, who had filed objections to the account, and more than thirty days after such service a notice of appeal from certain portions of the decree was served on the attorneys for the executor by the attorneys for the widow, which notice was

returned the same day for the alleged reason that it had not been served in time. *Held*, that an application for an order declaring the service of the notice of appeal as good, sufficient and timely and requiring the attorneys for the executor to accept service thereof, etc., will be denied.

PROCEEDING upon the probate of a will.

Wentworth, Lowenstein & Stern, for executor.

Maurice B. & Daniel W. Blumenthal, for contestant.

FOWLER, S.   In this matter the will of the above named decedent was admitted to probate.   His widow, Addie Potts Flatauer, was not mentioned in the will. On the accounting of the executor the widow filed objections to the account claiming to be entitled to one-half of the estate of the decedent under the laws of the state of Florida.   The matter was referred to Mr. Egerton L. Winthrop, Jr., who filed his report sustaining said objections and directing the payment of one-half of the estate to the widow.   Said report was confirmed.   A proposed decree was served upon the attorneys for the executor by the attorneys for the widow with notice of settlement of the same for December 9, 1916.   The settlement of the decree was adjourned on request to December 19, and a memorandum in opposition to the form of the decree was submitted by the attorneys for the executor.   In this memorandum the attorneys for the executor said: " In conclusion, we have not submitted a counter proposed decree for the reason that it is impracticable to prepare a decree until the various questions which we have above submitted are determined."   Thereafter a decision was published making direction as to certain provisions which should be contained in the decree and

Misc.] Surrogate's Court, New York County, May, 1917.

that a decree should be presented on notice accordingly. After this decision the attorneys for the executor submitted a decree in accordance with this decision with notice of settlement served upon the attorney for the widow and said decree was signed. This decree is indorsed upon the back thereof '' Proposed decree and notice of settlement. Wentworth, Lowenstein & Stern, attorneys for the executor.'' A copy of this decree with notice of entry thereof was served by the attorneys for the widow on the attorneys for the executor on February 3, 1917. A notice of appeal from certain portions of the proposed decree was served on the attorneys for the executor by the attorneys for the widow on the 31st of March, 1917, and on the same day said notice of appeal was returned to them for the alleged reason that the same had not been served within the time prescribed by law. It is claimed that, having been served more than thirty days after the 3d of February, 1917, said service is a nullity. The matter now comes before me on the application for an order declaring the service of said notice of appeal as good, sufficient, and timely, and requiring the attorneys for the executor to accept service thereof and for such other and further relief as may be proper.

Section 2756, Code of Civil Procedure, provides as follows: ''An appeal must be taken within thirty days after the service, upon the appellant, or upon the attorney, if any, who appeared for him in the surrogate's court, of a copy of the decree, or order from which the appeal is taken, and a written notice of the entry thereof, *except that the party entering such decree or order shall not be entitled to further notice to limit his time to appeal.*'' The last part of this section as underlined was added by the revision of 1914.

It is claimed by the executor that this decree was entered by the attorneys for the appellant and that

they, having served a copy of the decree with notice of entry, the time of both parties to appeal began to run on the 3d of February, 1917. On the other hand, it is claimed by the appellant that they did not enter the decree and, therefore, do not come within the exception (§ 2756, above referred to).

Jessup-Redfield in their Law and Practice in the Surrogates' Courts at page 263, in discussing this new provision of section 2756, Code of Civil Procedure, say: " Section 2756 contains the sensible provision (new) that the time of *everyone* to appeal is set running by such service by *anyone*. There were previously cases of astute practitioners, intending to appeal, who extended their time to do so by being prompt to enter and serve on other parties the particular order or decree and thus set running the time of others to appeal. These others, oblivious of the fact that the party serving the order had not himself been served, and so as to set the time running against him, would later on be confronted with an appeal supposed to have been abandoned."

Under the above section in regard to appeals and on the question of the entry of the decree, Jessup-Redfield at page 263 says: " The time is set running by service of the order or decree with written ' notice of entry.' In the Surrogates' Courts Sections 2486–2487 prescribe the books in which orders and decrees are to be entered. As a matter of practice, just as a deed is deemed recorded as of the time-stamp date of its delivery to the Register, so the order or decree is deemed entered as soon as the duty of the clerk to enter it accrues." The party serving a copy of a decree with notice of its entry must be taken to have entered such decree. Otherwise he had no business to serve a notice of its entry. No further notice of entry to the party so serving a decree with notice was

required, and his time to appeal runs from the date of such service by him. Otherwise section 2756, Code of Civil Procedure, is meaningless.

Application denied.