In the Matter of the Judicial Settlement of the Account of HENRIETTA LOSER, as Executrix, etc., of MAX FLATAUER, Deceased.

ADDIE POTTS FLATAUER, Appellant; HENRIETTA LOSER, as Executrix, etc., Respondent.

First Department, July 13, 1917.

**Appeal from decree of Surrogate's Court — practice — service of copy of decree with notice of entry — Code Civil Procedure, section 2756, construed.**

Since the amendment to section 2756 of the Code of Civil Procedure made by chapter 443 of the Laws of 1914, relating to the time within which appeals must be taken from a decree or order of the Surrogate's Court, the service of a copy of a decree with notice of entry by a party who desires to appeal therefrom but did not enter said decree is not sufficient to set running the thirty days within which his appeal must be taken. In order to set the thirty days' limitation running against him, a copy of the decree with notice of entry must be served upon the party intending to appeal therefrom by the other party who wishes to limit the time, and if the appeal be taken within thirty days of such service, it is timely, although the appellant had previously served the decree and notice upon her opponent.

APPEAL by Addie Potts Flatauer, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 5th day of June, 1917, denying a motion to require the attorneys for the executrix herein to accept service of a notice of appeal served by the appellant.

*Maurice B. Blumenthal,* for the appellant.

*Bertram L. Marks,* for the respondent.

SMITH, J.:

Max Flatauer died leaving a will which was admitted to probate, in which the widow was not mentioned. Upon the accounting of the executrix the widow made objections, claiming that the decedent was a resident of Florida at the time of his death, and under the laws of that State she was entitled to one-half the estate. The question was referred to

a referee, who reported sustaining the claim of the widow, and the report of the referee was sustained by the surrogate. On the settlement of the decree the appellant contended that she was entitled to one-half of the estate without deduction for administration expenses. This contention was overruled by the surrogate and the accounts were settled by directing the payment, first, of the administration expenses, and then directing the payment of one-half of the residue to the appellant. The decree of the surrogate so determining was entered February 2, 1917. On February 3, 1917, the attorney for the widow served upon the attorney for the executrix a copy of the decree with notice of entry. Upon the 31st of March, 1917, the widow served upon the attorney for the executrix a notice of appeal from certain parts of said decree in regard to the scheme of distribution. This was returned by the attorney for the executrix upon the ground that it had not been served in time. Section 2756 of the Code of Civil Procedure provides that an appeal must be taken within thirty days after service upon the appellant or upon the attorney, if any, who appeared for him in the Surrogate's Court, of a copy of the decree, or order from which the appeal is taken, and a written notice of the entry thereof, except that the party entering such decree or order shall not be entitled to further notice to limit his time to appeal. The learned surrogate has held that because the attorney for the widow served upon the attorney for the executrix a copy of the decree with notice of its entry, the widow must be deemed to have entered the decree within the provisions of this section, and that more than thirty days having expired since the entry of the decree, notice of appeal was served too late. (*Matter of Flatauer*, 100 Misc. Rep. 231.) The facts as to the entry of the decree are these: The attorney for the widow proposed a form of decree which, after consideration by the surrogate, was rejected by him, and the surrogate gave directions as to the form in which the decree should be entered. Thereupon the attorneys for the executrix submitted a decree in accordance with the decision and served the same upon the attorney for the widow with due notice of settlement. This decree was indorsed upon the back thereof, " Proposed Decree and Notice of Settlement. Wentworth, Lowenstein & Stern, Attorneys

for the Executor." This decree was left by the attorneys for the executrix with the clerk of the Surrogate's Court and entered. With these facts admitted, it is difficult to see how the attorney for the widow can be deemed to have entered this decree. It was drawn by the attorneys for the executrix, was submitted to the attorney for the widow as their proposed decree with notice of settlement, and was by them left with the clerk of the Surrogate's Court for entry. I do not assent to the proposition of the surrogate that because the attorneys for the widow served a copy of that decree with notice of its entry upon the attorneys for the executrix, she is thereby deemed to have entered the decree. That would be adding to the statute a material provision not found therein. This provision as to the effect of the entry of the decree as limiting the time to appeal was inserted into the section by the amendment of 1914 (Laws of 1914, chap. 443). Before that amendment either party might after a decree had been entered serve a copy thereof with notice of entry for the purpose of limiting the time of the adverse party to appeal. (See Code Civ. Proc. § 2572.) So the attorney for the widow might lawfully serve a copy of the decree with notice of entry upon the attorneys for the executrix in order to limit the time of the executrix to appeal from the decree, although such act was apparently unnecessary under the terms of the statute as it now reads. Such act, however, cannot be deemed an entry of the decree by the attorney for the widow by which her time to appeal may be set running. That a party may limit the right of his adversary to appeal he must be held to strict practice is held in *Matter of N. Y. C. & H. R. R. R. Co.* (60 N. Y. 112); *Kelly* v. *Sheehan* (76 id. 325).

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.