CARRIE ANTHONY, as Administratrix of the Estate of TRACY C. ANTHONY, Deceased, Appellant, *v.* JENNIE SCHOFIELD, Respondent.

Fourth Department, January 6, 1943.

*George A. King* and *Edwin J. Carpenter* for appellant.

*Alton J. Wightman* for respondent.

McCurn, J. The plaintiff's attorney of record Edwin J. Carpenter of Corning, N. Y., was a Captain in the National Guard and shortly after the time when issue in this action was joined he was called to active service in the armed forces of the United States. He has since been at all times away from Corning, N. Y., where he resided and practiced law, and has continuously been outside of the State of New York.

When the case was reached for trial the trial was conducted by other counsel residing in the city of Corning. There was, however, no formal substitution of attorneys. Mr. Carpenter's name continued to appear on all papers in the case as attorney of record. Papers in the case were from time to time served upon his secretary, who remained in his office, and on some occasions, at least, duplicate copies were served upon the attorneys who were handling the case in Mr. Carpenter's absence.

The trial resulted in a verdict for the defendant. Thereafter, the attorneys who tried the case for the plaintiff made a motion to set aside the verdict and for a new trial. The court rendered its decision on September 6, 1941, denying that motion. Defendant's attorneys procured a formal order to be signed in accordance with the court's decision, entered the same in the county clerk's office of Steuben County on September 15, 1941, and on the same day attempted to make service by mail of a copy of the order and notice of entry upon Edwin J. Carpenter, plaintiff's attorney of record.

On November 11, 1941, plaintiff's trial counsel served a notice of appeal from the above-mentioned order upon defendant's attorneys and filed the same in the county clerk's office. The notice of appeal was promptly returned upon the ground that the time within which the appeal might have been taken had expired. A motion was then made on behalf of the plaintiff to compel the defendant and her attorneys to accept the notice of appeal, and it is from the order denying that motion that this appeal is taken.

The decision upon this appeal rests upon a determination as to whether defendant's attempted service of the order and notice of entry by mail was good, so that the time within which plaintiff might appeal from the order was limited thereby. It is the claim of the plaintiff that the attempted service of the copy of the order and notice of entry by mail did not conform to the requirements of rule 20 of the Rules of Civil Practice, and that moreover it was never received by plaintiff's attorney of record or any of the other counsel who participated in handling the case on behalf of the plaintiff.

It appears from the affidavit of Marjorie A. Culver that she was employed as secretary in the office of plaintiff's attorney Mr. Carpenter, and received all mail addressed to him at his office and kept a record of all papers received and mailed out. She further avers in her affidavit that no copy of the order in question was ever received by her through the mail or otherwise, and that her record contains no entry that any such paper was ever received. It also appears from the affidavit of the counsel who tried the case that no copy of the order was ever received or served at his office by mail or otherwise, and that he was entirely unaware that a formal order had been signed until about November 3, 1941.

The fact of nonreceipt or nondelivery of the order through the mail, however, would not in itself invalidate the attempted service. It has been held that service by mail is complete regardless of delivery where the mailing itself complies with all of the requisites of the rule. (*Saffold* v. *Fellows*, 219 App. Div. 865; *Miller* v. *Shall*, 67 Barb. 446; *Annis* v. *Upton*, 66 Barb. 370; see, also, *Title Guaranty & Trust Co.* v. *Uniform Fibrous Talc Co.*, 127 Misc. 183.)

Ordinarily a party serves a copy of an order and notice of entry to limit his adversary's time to appeal and thus bring about finality to the litigation. (Civ. Prac. Act, § 612.)

Since service by mailing may start the time running in which an appeal may be taken, even without delivery to or knowledge of the person served, then it is reasonable that the party using the mail be required to follow strictly the provisions of the rule designed to insure delivery.

Rule 20 of the Rules of Civil Practice provides that service of a paper other than a summons, etc., may be made upon a party or an attorney either by delivering it to him personally or " through the post-office, by depositing the paper properly inclosed in a postpaid wrapper in a post-office or in any post-office box regularly maintained by the government of the United States in the city, village or town of the party or the attorney serving it, directed to the person to be served *at the address within the state theretofore designated by him for that purpose* * * *."* (Underscoring supplied.)

Rule 11 of the Rules of Civil Practice requires that all papers served or filed in any action or proceeding by an attorney shall have the name of the attorney endorsed thereon together with the address of the attorney. The papers in this action were endorsed: " Edwin J. Carpenter, Attorney for Plaintiff, Office & P. O. Address, Loan Association Building, Corning, N. Y."

The affidavit of the mailing of the order involved here reads in part: " Deponent further says that on the 15th day of September, 1941, she mailed to Edwin J. Carpenter, Attorney of Record for the plaintiff in the above entitled action, a copy of an order of this Court granted on September 5th, 1941, and entered in the office of the Clerk of the County of Steuben September 15th, 1941, together with a notice of entry thereof, which order denied plaintiff's motion to set aside the verdict theretofore rendered in the above entitled action. That she placed said order with notice of entry thereof in a postpaid sealed envelope addressed to said *Edwin J. Carpenter, Corning, N. Y.,* and personally deposited the same in the postoffice in the Village of Bath, N. Y."

The affidavit obviously does not show that the envelope in which the order was enclosed was directed to the plaintiff's attorney at the address " theretofore designated by him for that purpose." In view of the affidavits offered on behalf of the plaintiff indicating nondelivery, we cannot regard the omission of office address (" Loan Association Building ") as an immaterial omission in the affidavit of service.

We are told that Corning is not a large city and that plaintiff's attorney is well known, and that therefore the failure to include in the address the name of the building in which his office is located is not a material omission. On the other hand a letter addressed to " Edwin J. Carpenter, Corning, New York," might very properly be delivered at his residence address or some other business address, if he had one. It is possible also that there are other persons in Corning, N. Y., who may bear the same name or a name similar to that of plaintiff's attorney. Mention of such possibilities suggests the importance of strict adherence to the requirement of rule 20 of the Rules of Civil Practice that the envelope be directed to the address which the attorney himself has chosen to designate.

It has long been the rule that a party undertaking to limit the time in which an appeal may be taken is held to strict practice. (*Matter of N. Y. Central & H. R. R. R. Co.,* 60 N. Y. 112; *Kelly* v. *Sheehan,* 76 N. Y. 325; *Matter of Heldmann,* 153 App. Div. 583, 585; *Matter of Loser,* 179 App. Div. 450, 452.)

In *Seifert* v. *Caverly* (63 Hun, 604) the plaintiff's attorney had stated his address upon the summons and complaint as 199 Pearl street, Buffalo, New York. The defendant's attorney who also resided in Buffalo attempted to serve a notice of trial upon him by mail addressed to plaintiff's attorney No. ——— Pearl street, Buffalo, New York. The court there held that the

absence of the street number in the address was a fatal defect, and stated at page 606: "While it is true that the failure of the mails is not to be ascribed to the parties depositing mail matter when it is post-paid and properly addressed, yet, when the question depends upon the regularity of such service, in the absence of proof of the actual receipt of that paper, the party claiming to be regular under this provision of the Code must show affirmatively that the envelope was addressed to the party at the place designated by him for the purpose of serving papers." (See, also, *Farley* v. *Stowell*, 57 App. Div. 218.)

We conclude that the affidavit in question fails to establish service by mail and that plaintiff's time to appeal was not limited thereby. The order appealed from, therefore, should be reversed on the law with ten dollars costs and disbursements and the motion granted, without costs.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law with ten dollars costs and disbursements and motion granted, without costs.