■ M ENTERTAINMENT, INC., et al., Appellants, v LAURENCE LEYDIER et al., Respondents. [880 NYS2d 40]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered November 27, 2007, to the extent it dismissed the complaint as against defendants Wardrop and Thompson, unanimously affirmed, and appeal, to the extent it dismissed the complaint as against defendant Leydier, dismissed, without costs. Appeal from amended order, same court and Justice, entered on or about October 17, 2007, which, after a nonjury trial, directed entry of a judgment dismissing the complaint, unanimously dismissed as subsumed in appeal from judgment, and, with respect to plaintiff's claims against Leydier, dismissed for failure to obtain appellate jurisdiction, without costs.

An appeal as of right must be taken within 30 days after service by a party upon the appellant of a copy of the judgment or order appealed from, with notice of entry (CPLR 5513 [a]). An appellant takes such an appeal by serving upon adverse parties a notice of appeal, and filing same with the clerk of the court in which the judgment or order has been entered (CPLR 5515 [1]). Where applicable, CPLR 2103 (b) (2) provides for service of papers upon an attorney by mailing to the address designated for that purpose. "Mailing," under the statute, requires the deposit of those papers "in a post office or official depository under the exclusive care and custody of the United States Postal Service *within the state*" (CPLR 2103 [f] [1] [emphasis added]). It is undisputed that plaintiffs, who opted for service by mail, did not place the notice of appeal to be served upon Leydier in a post office or depository within this State. Accordingly, the notice of appeal is of no effect with respect to Leydier because service was not completed within the meaning of CPLR 2103 (*see Cipriani v Green*, 96 NY2d 821 [2001]; *National Org. for Women*

*v Metropolitan Life Ins. Co.*, 70 NY2d 939 [1988]). We note that the Third Department has excused late service of a notice of appeal upon a showing of mistake or excusable neglect (*Peck v Ernst Bros.*, 81 AD2d 940 [1981]), but the Court of Appeals has categorically held that "[t]he power of an appellate court to review a judgment is subject to an appeal being timely taken" (*Hecht v City of New York*, 60 NY2d 57, 61 [1983]). We thus find plaintiffs' improper service of their notice of appeal upon Leydier to be a fatal jurisdictional defect.

The evidence supports the trial court's finding that defendants Wardrop and Thompson did not fraudulently induce plaintiffs to enter into the memorandum of understanding or the licensing agreement that are the subjects of this lawsuit. These defendants were not parties to either agreement, nor did plaintiffs pay them anything in connection with the subject transaction. The record shows that these defendants' involvement consisted of the presence of Thompson and the CEO of Wardrop's affiliate at two meetings between plaintiffs and Leydier, Leydier's use of Wardrop's boardroom for one of those meetings, and Thompson's presentation of his business cards to plaintiffs, identifying himself as a principal of the Wardrop affiliate. Contrary to plaintiffs' contentions, Wardrop did nothing to give rise to the appearance and belief that Leydier or Thompson possessed authority to enter into a transaction with plaintiffs on its behalf, and to the extent that Leydier and/or Thompson made such representations, the words or conduct of a putative agent are insufficient to create apparent authority (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]).

We have considered plaintiffs' remaining contentions and find them without merit. Concur—Andrias, DeGrasse and Richter, JJ.

Tom, J.P., and Buckley, J., dissent in part in a memorandum by Tom, J.P., as follows: The majority deprives plaintiffs of the opportunity to appeal as of right the dismissal of their claims against defendant Leydier without engaging in any analysis of the law and equities. Moreover, the cases relied upon in support of dismissal offer no guidance on the jurisdictional issue the majority resolves against plaintiffs.

It is Leydier's position that because a notice of appeal is deposited into a mailbox located outside, rather than within New York State, this Court is jurisdictionally barred from entertaining that party's appeal as of right against the recipient of the notice. The two cases he relies upon to support this result state, in the entirety and in virtually identical language: "Motion for leave to appeal dismissed as untimely. Service was not

completed within the meaning of CPLR 2103 (b) (2) by the mailing in Washington, D.C. The statute provides for mailing 'within the state' " (*National Org. for Women v Metropolitan Life Ins. Co.*, 70 NY2d 939 [1988]; *see also Cipriani v Green*, 96 NY2d 821 [2001] [Nevada mailing]). Neither of these rulings suggests that the basis for the Court's disposition is jurisdictional. Both cases involve whether to grant permission to appeal, an application addressed to the Court's discretion (*see Matter of Newman v Gordon*, 31 NY2d 676 [1972]; *American Banana Co. v Venezolana Internacional de Aviacion S.A. [VIASA]*, 69 AD2d 762 [1979]), and reflect no more than the Court of Appeals' disinclination to excuse a procedural irregularity in the exercise of a discretionary function (CPLR 2001; *see e.g. Matter of Ancona*, 17 AD3d 584 [2005] [pro hac vice]). The decisions do not state, as Leydier urges, that the movant's deviation from the manner of service prescribed by statute defeats the Court's appellate jurisdiction.

Generally, the failure to comply with a provision for service of papers can be disregarded in the absence of substantial prejudice to the right of a party (*see e.g. Matter of Brown v Casier*, 95 AD2d 574, 577 [1983] [failure to serve petition 20 days before return date]). Significantly, Leydier identifies no prejudice incurred by him as a result of the disputed irregularity in service and concedes that he timely received plaintiffs' notice of appeal, which was duly filed within the time prescribed by statute (CPLR 5515 [1]). Thus, there is no question that the appeal was seasonably brought, thereby removing any question of a jurisdictional bar on the ground of untimeliness (CPLR 5513 [a]; *see Hecht v City of New York*, 60 NY2d 57, 61 [1983]).

Leydier's sole objection to the service of the notice of appeal is that it was deposited in the wrong mailbox, i.e., one located in the State of New Jersey rather than New York. While, historically, the point of mailing has been a requirement for the completion of service of papers upon an attorney, it has not been accorded the universal jurisdictional significance Leydier and the majority ascribe to it.

Rule 20 of the Rules of Civil Practice (the predecessor to CPLR 2103 [b] [2] and [f] [1]) provided that service could be made on an attorney "through the post-office, by depositing the paper properly inclosed in a postpaid wrapper in a post-office or in any post-office box regularly maintained by the government of the United States in the city, village or town of the party or the attorney serving it, directed to the person to be served at the address within the state theretofore designated by him for that purpose." (Civ Prac Act § 20 [1].) The requirement for

depositing papers "in the city, village or town of the party or the attorney serving it" has been liberalized to provide for deposit "in a post office or official depository under the exclusive care and custody of the United States Postal Service within the state" (CPLR 2103 [f] [1]). Furthermore, mailing is no longer the only means of delivering papers to an attorney; CPLR 2103 now permits papers to be sent by the alternative means of "facsimile transmission," "overnight delivery service" and "electronic means" (CPLR 2103 [b] [5], [6], [7]).

Under the statute, an overnight delivery service is one "which regularly accepts items for overnight delivery to any address in the state" (CPLR 2103 [b] [6]). By contrast with service effected by utilizing the United States Postal Service to make delivery, no restriction is imposed on the location from which service by overnight delivery originates, which can be made from anywhere on earth so long as the papers are deposited "into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery" (*id.*). Thus, such service can be effected from across the country or even around the world, as long as the delivery service customarily effects overnight delivery to any address within New York State and the papers are received by the chosen delivery service by the designated time. Likewise, there is no geographic constraint on the service of papers by facsimile transmission (CPLR 2103 [b] [5]).

The lack of any restriction under CPLR 2103 (b) (6) on the location where "deposit . . . into the custody of the overnight delivery service" must be made strongly suggests that the location from which service is initiated is not intended to be a jurisdictional requirement. Case law bears this out. As stated in *Vita v Heller* (97 AD2d 464, 464 [1983]), "Service of papers by mail is deemed complete upon deposit of such papers in the mail and such manner of service creates a presumption of proper mailing to the addressee. The burden then falls upon the addressee to present evidence sufficient to overcome the presumption and establish nonreceipt." (Citations omitted.) The rationale behind the presumption is that "the failure of the mails is not to be ascribed to the parties" (*Seifert v Caverly*, 18 NYS 327, 328 [1892]). Service is "complete" (CPLR 2103 [b] [2]) even if the papers are not received in a timely fashion (*see Matter of Coppola v Motor Veh. Acc. Indem. Corp.*, 59 AD2d 1023, 1024 [1977]) or not received at all (*see Engel v Lichterman*, 62 NY2d 943 [1984]). Thus, what is forfeited by a party failing to effect service in accordance with the statute is the "presumption of proper mailing to the addressee" (*Vita*, 97 AD2d at 464;

*see Ortega v Trefz*, 44 AD3d 916, 917 [2007] ["A properly executed affidavit of service raises a presumption that proper mailing occurred"]), requiring the party to establish actual receipt of the papers. Since Leydier concedes timely receipt of the notice of appeal, plaintiffs are relieved of this evidentiary burden.

Even if it were granted, for the sake of argument, that strict compliance with CPLR 2103 (b) (2) is required, it would be appropriate to exercise this Court's discretion to excuse plaintiffs' failure to comply with the in-state restriction on mailing. As to matters not clearly jurisdictional, CPLR 2001 reflects the intent to avoid elevating form over substance by incorporating the essence of Civil Practice Act § 105 "to the end that slight mistakes or irregularities not affecting the merits or the substantial right of a party shall not become fatal in their consequences" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2001, at 626, quoting *People ex rel. Di Leo v Edwards*, 247 App Div 331, 334 [1936]).

In sum, there is no question that the appeal from so much of the order as granted dismissal of the complaint to Leydier was timely brought. Neither has any prejudice been demonstrated by Leydier, who concededly received the notice of appeal in timely fashion, thereby obviating any factual question concerning actual delivery. Under these circumstances, plaintiffs should not be deprived of the right to appeal from the dismissal of the complaint as against him.

Accordingly, I would affirm the order in all respects.