UTICA,
Aug. 1826.

Ex parte
Decker.

*H. Welles,* for the motion, cited 19 *John.* 268; 1 *Cowen's Rep.* 574.

*B. D. Noxon,* contra, cited 1 *Cowen* 571; 2 *Archb. Pr.* 197, 198.

A judge at chambers has no power to order a party to furnish copies of papers, which are evidence in the cause, to his adversary.

---

*Ex parte* DECKER.

BAKER recovered judgment against *Decker* in a justice's court of the county of *Steuben,* whence *Decker* sought to appeal. For this purpose, within the time limited for appealing, the requisite bond was prepared, with a blank tered by him, after he has filled the blanks, and delivered the bond to the justice.

Whether a parol power to fill the blanks and perfect the bond, was valid? *Quere,*

An appeal bond executed in blank, and delivered to an agent, to fill up and make perfect, cannot be al-

UTICA,
Aug 1826.

Ex parte
Decker.

for the penalty and the amount of the judgment; and executed by *Decker* and a surety. This they delivered to the subscribing witness, with oral power to fill up the blanks according to the judgment; and also to make any other alterations necessary to render it valid according to the statute. The witness carried the bond to the justice; and on learning the amount of the judgment, filled up the bond. Afterwards, and still within the time for appealing, supposing the bond to be defective in other particulars, the witness requested the bond of the justice, for the purpose of making it perfect. The justice refused his consent to the alteration, declaring that he did not think it proper. But the witness took the bond and added the clause obliging the obligors *to pay the judgment before the justice, with interest and costs of the appeal, &c.*

The justice made the proper return; but the C. P. dismissed the appeal, on the ground that the authority of the witness was by parol.

*Wm. M. Oliver*, now moved for a mandamus commanding the court to proceed in the cause. And he relied mainly on *Texira* v. *Evans*, cited in *Master* v. *Miller*, (1 *Anstr.* 228,) which was the case of a bond executed with blanks for the *name of the obligee and sum ;* and delivered by the obligor to an agent, for the purpose of raising money. The plaintiff lent money; and the agent filled the blanks accordingly, and delivered the bond to the plaintiff. On *non est factum*, the bond was held good.

He also cited 11 *John.* 169 ; 4 *id.* 54 ; 18 *id.* 499.

The motion was not opposed; but

*Per Curiam.* The common pleas decided correctly. Though the agent might have had power to correct the bond on its delivery, (a point which it is not necessary to decide,) he certainly had no right to tamper with the bond in this way. He could not alter it again and again at his discretion. Such a general power cannot extend beyond the time of delivery. Its force was spent on filling up the blanks.

                                        Motion denied.