(100 App. Div. 210)

JEWETT et al. v. GRIESHEIMER.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. STATUTE OF FRAUDS—SIGNING OF LEASE.

A letter signed by the lessor, inclosed with the lease, and sent to the lessee for execution, reciting, "Enclosed, we hand you lease for store," describing the property, and specifying the repairs to be made, cannot be considered a signing of the lease by the lessor, within the statute of frauds.

2. SAME—LIABILITY OF GUARANTOR.

    As a tenancy from year to year is created by a lease for five years which is not signed by the lessor, a guarantor of the payment of rent under the lease is discharged from liability.

    McLennan, P. J., dissenting.

Appeal from Trial Term, Erie County.

Action by Edgar B. Jewett and others against Louis Griesheimer. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Gibbons, Pottle & Talbot, for appellants.

John F. McGee, for respondent.

STOVER, J. The action is brought to recover rent alleged to have become due under a lease which it is alleged the defendant had guarantied. The plaintiff and several others were owners, as tenants in common, of an undivided four-fifths of the premises described in the complaint; and the plaintiff and others were, as between themselves, joint tenants of the remaining one-fifth of the premises. The plaintiff was orally authorized by the other owners to look after the renting of the premises and the collecting and distribution of the rents, and, while such authority was in existence, was also orally authorized to lease the premises to the principal of the defendant. Subsequent to this oral authority, a duplicate form of lease was prepared and sent to the drug company, the lessee and principal of the defendant. At the end of each of said duplicate written instruments was the following written guaranty:

    "For and in consideration of the letting of the premises within described and for the sum of one dollar I hereby become security for the punctual payment of the rent and performance of the covenants in the within written agreement mentioned to be paid and performed by ——— and if any default shall be made therein I do hereby promise and agree to pay unto ——— any deficiency and fully satisfy the conditions of said agreement without requiring any notice of nonpayment or proof of demand being made. Given under my hand this ——— day of ———, 190–."

The plaintiff subsequently caused said written instruments thereto attached, but unexecuted by any of the defendants, to be sent to the drug company, together with a letter dated April 11, 1902, as follows:

    "Pharmacal Drug Company, Buffalo, N. Y.—Gentlemen: Enclosed we hand you lease for store No. 329–331 Washington street. We will agree to make the following repairs and alterations to this store and basement."

Then follows a statement of certain work which was to be done, in the way of kalsomining, plastering, plumbing, and partitions; the letter being signed, "Edgar B. Jewett, et al. per F. A. Jewett."

The written instruments in due course reached the drug company, and were executed by it, and the guaranty was signed by the defendant without filling in the blank spaces. In this condition they were returned to the plaintiff, who has ever since retained the same.

The court has found that:

    "The plaintiffs in this action did not, nor did any of them, sign or subscribe their names to either of said duplicate leases, nor was the name of any of the plaintiffs subscribed to any writing relating to the letting of said premises,

except the letter of April 11, 1902, above set forth, signed by the plaintiff Frederick A. Jewett."

He also finds that since the commencement of the action—

"The plaintiffs have caused to be inserted in the written guaranty signed by the defendant, and attached to the duplicate lease retained by the plaintiff Frederick A. Jewett, after the words 'performed by,' the words 'The Pharmacal Drug Company,' and after the words 'pay unto' the words 'Edgar B. Jewett and Frederick A. Jewett, individually and as trustees of Carrie J. McKibbon, Risley Tucker and Mathilda J. Tucker.' "

The court has also found that the drug company, the lessee named in said duplicate leases, paid the rent stipulated in the leases down to November 1, 1903, and has neglected to pay since then. He also finds that the plaintiff Frederick A. Jewett was never authorized by any written instrument to subscribe the names of the plaintiffs to the leases above referred to, or to any lease of said premises to the Pharmacal Drug Company.

It was held in Laughran v. Smith, 75 N. Y. 205, that a lease executed by the lessee, but not executed by the lessor, under which the tenant had gone into possession, was not a valid lease, being for more than a year. It was further held that the tenancy under such circumstances was only from year to year. The claim is made in behalf of the plaintiffs here that the signature to the letter inclosing the leases to the lessee was such a signature as would comply with the statute. We think that this is an erroneous view. The most that can be said for it is that it would raise a question of fact as to the intention of the parties to consider that an execution, and that fact, having been found against the contention of the plaintiff, is binding upon us; and we think the finding of the court was right. There is no intimation anywhere that the letter was to be construed as a part of the lease, but the fair interpretation of it is that it was an inducement to have the lease executed on the part of the lessee. There is no need of explanation with reference to any portion of the lease, and it would seem that the fair import of the letter is that, while it referred to the premises in question, it was simply an inducement for the execution of the lease, and was not to be taken as a portion of the lease itself. At all events, we think the finding was one for the trial court to make, and, having made it, we see no reason for disturbing it.

The situation was this: The defendant had guarantied the payment of the rent under the lease; but, under the ruling of the case above cited, this lease was a void one, and the lessee was not holding as a tenant for a definite term of five years, but simply as a tenant from year to year, and the defendant has at no time agreed to be bound to pay the rent accruing under such a tenancy. There seems to have been no reason why the plaintiff should not, if he desired to become bound under the lease, have signed and delivered one of the duplicates to the lessee. It is fairly to be inferred that it was the intention of the parties when preparing the form that it was to be signed by all of the parties, each to retain one. The plaintiff has given no sufficient explanation of the failure to carry out the agreement. There can be no question that the lease was to be executed in duplicate. If the signature of the plaintiff to the letter is to be considered a signature to the

lease, then it should appear upon both of the copies; and the fact that it does not appear upon each duplicate is a circumstance sufficiently strong to warrant the conclusion that neither of the parties understood that the letter was to be considered a part of the agreement between them. It was within the power of the plaintiff at any time to conclude the contract by placing his signature to the instruments that had been prepared for that purpose. If he took the chance of retaining both duplicates without signing, he cannot now complain.

The defendant is entitled to have his guaranty strictly construed, and he has guarantied to pay the rent under a lease for five years. It needs no argument for the proposition that under such a guaranty he cannot be made liable upon a tenancy from year to year. We think the conclusion of the trial court was right, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., who dissents.

