NASSOIT v. HUBER.

(Supreme Court, Appellate Term.  June 29, 1911.)

FRAUDS, STATUTE OF (§ 44*)—REAL PROPERTY AND ESTATES THEREIN.

Under the direct provision of Real Property Law (Consol. Laws 1909, c. 50) § 242, a lease for a term exceeding one year is invalid, unless created by a deed or conveyance in writing subscribed by the person creating the same or his lawful agent.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 66–92; Dec. Dig. § 44.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Nassoit against Therese M. Huber. From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Francis Colety, for appellant.
H. B. Davis, for respondent.

BIJUR, J.  This action is brought to recover, upon a lease, rent of an apartment for October and November, 1910.  Plaintiff claims that prior to the expiration of defendant's previous lease, namely, October 1, 1910, she renewed the same for a term of two years.

It is not necessary to enter at length into the merits of the controversy or the credibility of the respective witnesses, because it is apparent that the alleged renewal lease was void under the statute of frauds, because it attempted to create an estate or interest in real property for a term exceeding one year, and was not "subscribed by the person creating the same, or by his lawful agent thereunto authorized by writing," as required by section 242 of the real property law.  The objection was properly taken by answer.

As the action is brought upon a lease, it is unnecessary to consider whether the correspondence between the parties might be adequate to prove a contract to lease under section 259.  But, were that question presented by the case, as it is sought to be by respondent's brief, I doubt whether the correspondence could be so interpreted.  See Jewett v. Griesheimer, 100 App. Div. 210, 91 N. Y. Supp. 654.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.