WESTWITT REALTY CORPORATION, Plaintiff, Appellant, *v.* RUDOLPH E. BURGER, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

Landlord and tenant — action by landlord to recover rent under written lease for two years — lease signed by both landlord and tenant together with telegram from tenant accepting lease and reciting term which was not in lease constituted complete contract of leasing — landlord entitled to recover rent.

A lease signed by both landlord and tenant agreeing upon all conditions except the length of the term together with a telegram from tenant to landlord reading: " We accept lease for two years as outlined " constituted a complete contract of leasing and the landlord is entitled to recover rent.

The words " Please confirm.   Address Savoy Hotel, Denver," in tenant's telegram must be regarded as a mere request for the convenience of the tenant and not as a counter offer emanating from the tenant which required an acceptance.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of defendant.

*Prince & Loeb (Sidney J. Loeb,* of counsel), for appellant.

*Frueauff, Robinson & Sloan (Joseph M. Sullivan,* of counsel), for respondent.

GUY, J.   Plaintiff appeals from a judgment in favor of defendant in an action to recover rent for the month of October, 1922, under an alleged written lease for a term of two years.   Prior to the making of the alleged lease defendant's wife had negotiated with plaintiff's agent for a lease of an apartment belonging to plaintiff, and plaintiff's agent had delivered to defendant's wife, who also acted as defendant's agent in the matter, a printed lease signed by the plaintiff, landlord, with the term for which the lease was to

run left blank. Defendant filled in the printed lease for a term of one year, signed the same and returned it by his wife to plaintiff's agent. Plaintiff's agent then informed defendant's wife that the landlord would not give a lease for one year, that it would only lease the apartment for two years. The next communication between the parties was in the form of a telegram some days later sent by defendant to plaintiff's agent from Ohio, where, as the proof showed, defendant was *en route* to Chicago, Ill., and thence to Denver, Col., reading: "We accept lease for two years as outlined. Please confirm. Address Savoy Hotel, Denver," said telegram being signed by the defendant. Plaintiff's witness testified that he wrote a letter in response to said telegram, addressed to defendant at the Savoy Hotel, Denver, Col., and duly stamped and mailed the same, which letter read as follows: "We are in receipt of your telegram which reads as follows: 'We accept lease for two years as outlined. Please confirm; address Savoy Hotel, Denver.' We beg to confirm your telegram, which is accepted by us," said letter being signed by plaintiff. The proof showed that the defendant remained in Denver subsequent to sending the telegram, but he testified that he never received plaintiff's letter.

Defendant pleads the Statute of Frauds and also denies having entered into a lease of said premises. We are of the opinion that the written lease in question signed by both landlord and tenant, agreeing upon all the conditions except the length of the term of lease, together with the telegram from defendant reading: "We accept lease for two years as outlined," constituted a completion of the contract of leasing. The words "Please confirm. Address Savoy Hotel, Denver," must be regarded as a mere request for the convenience of the defendant and not as a counter offer emanating from defendant which required an acceptance. Upon the sending by defendant of the telegram and its receipt by the plaintiff, landlord, there was a complete meeting of the minds of the parties. Inasmuch as defendant's telegram constituted a written acceptance of plaintiff's offer, and no reply thereto being necessary to complete the written contract, it is unnecessary to consider the question whether in answering defendant's telegram plaintiff was required to reply by telegraph, the medium adopted by defendant, instead of by mail. For these reasons the judgment appealed from must be reversed, with $30 costs, and judgment directed in favor of plaintiff for $200 with interest and costs.

BURR and PROSKAUER, JJ., concur.

Judgment reversed.