WESTWITT REALTY CORPORATION, Respondent, *v.* RUDOLPH E. BURGER, Appellant.

First Department, May 1, 1925.

Landlord and tenant — lease — action for rent claimed to be due under two-year lease — one-year lease properly executed was rejected by plaintiff on ground that it would not lease for less than two years — defendant telegraphed plaintiff that he would accept two-year lease — said lease was not executed — question of fact whether plaintiff accepted defendant's proposal of two-year lease was raised and found by court in favor of defendant — said one-year lease supplemented by defendant's telegram does not show written lease for two years within Real Property Law, § 242 — no intention by parties that one-year lease and telegram would constitute two-year lease.

In an action to recover rent alleged to be due under a two-year written lease of an apartment, in which it appears that the defendant executed a one-year lease which was rejected by the plaintiff on the ground that it would not rent the apartment for less than two years, and that thereafter the defendant telegraphed the plaintiff that he would accept the two-year lease, a question of fact was raised by defendant's testimony that he did not receive the confirmation of his telegram and by his testimony that plaintiff's agent admitted that the telegram was never confirmed, as to whether or not a letter was sent by the plaintiff and received by the defendant confirming defendant's telegram, and since that question was resolved in favor of the defendant by the trial court, it must be so treated on appeal.

The one-year lease which was rejected by the plaintiff, supplemented by defendant's telegram, does not constitute a written lease within the provisions of section 242 of the Real Property Law, since the one-year lease could not be extended by any parol authority, and furthermore, if it be considered that the plaintiff originally offered to make a lease for two years, that offer having been rejected could not thereafter be accepted by the defendant.

The evidence shows that the parties did not intend that a one-year lease supplemented by the defendant's telegram would constitute a two-year lease of the apartment, but that it was the intention of the parties that a formal written lease would be executed.

MERRELL, J., dissents.

APPEAL by the defendant, Rudolph E. Burger, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on or about the 6th day of March, 1924, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the defendant.

*Frueauff, Robinson & Sloan* [*Joseph M. Sullivan* of counsel], for the appellant.

*Prince & Loeb* [*Sidney J. Loeb* of counsel; *Leon M. Prince* with him on the brief], for the respondent.

FINCH, J.:

This appeal involves only one question, namely, whether there was sufficient written evidence of a lease for more than one year to satisfy the statute.

The action was brought to recover rent claimed to be due under a lease for two years alleged by the plaintiff to have been entered into between the parties. The defendant denied that a lease had been made, and for a defense pleaded the Statute of Frauds.

In August, 1922, the wife of the defendant saw the plaintiff's agent in reference to leasing an apartment. She received from the plaintiff's agent a form of lease filled out, but with the length of term left blank, for the purpose of filling in the term and having the lease signed by the defendant. The lease was completed by filling in the term for one year to commence October 1, 1922, signed by the defendant, and returned to the plaintiff's agent. Plaintiff's agent refused to accept a lease for one year, stating that because of certain decorations, etc., to be made to the apartment, a lease for less than two years would not be accepted. Defendant's wife said she would speak to her husband about it, and plaintiff's agent said: " See you have a two-years' lease signed." Some days later, the defendant, while *en route* for Denver, Col., telegraphed the plaintiff from the Union Depot at Toledo, Ohio, as follows: " We accept lease for two years as outlined. Please confirm. Address Savoy Hotel, Denver."

The plaintiff testified that it replied to this telegram by a letter dated two days later, addressed to the defendant at the Savoy Hotel, Denver, Col., acknowledging the receipt of the telegram, and stating: " We beg to confirm your telegram, which is accepted by us."

The defendant testified that this letter never was received by him, and that on his return to New York, between September 5 and 10, 1922, he called on the plaintiff's agent and had the following conversation: " I said to her, ' did you receive my telegram? ' She said ' yes.' I said ' did you answer that message? ' She said ' no.' I said ' why didn't you give me an answer? ' She said the office said it was not necessary. I said ' am I going to get a lease? ' She said ' yes, you are going to get a lease.' I said ' the time is short, I must have a definite and quick answer.' The Court: What did she say to that? The Witness: She said ' we will send you that lease.' I said ' if you send me a lease within a week we will take the lease; otherwise we will have to rent another apartment.' "

The defendant never received a lease for two years, and never occupied the apartment. According to the testimony of the plaintiff, the defendant said he had changed his mind about making

a lease. The plaintiff testified that it had replied that it was too late for the defendant to change his mind as he had already entered into a lease. This action followed.

The Municipal Court rendered judgment for the defendant, which the Appellate Term has reversed and directed judgment for the plaintiff, holding that the " written lease in question signed by both landlord and tenant, agreeing upon all the conditions except the length of the term of lease, together with the telegram from defendant reading: ' We accept lease for two years as outlined,' constituted a completion of the contract of leasing.    *   *   * Upon the sending by defendant of the telegram and its receipt by the plaintiff, landlord, there was a complete meeting of the minds of the parties." (122 Misc. 653.)

While it may be that there was a meeting of the minds of the parties upon the terms of the lease, nevertheless before an enforcible lease can be created for a term greater than one year, section 242 of the Real Property Law must be complied with. Said section provides that "An estate or interest in real property, other than a lease for a term not exceeding one year,   *   *   * can not be created   *   *   * unless   *   *   * by a deed or conveyance in writing, subscribed by the person creating   *   *   * the same, or by his lawful agent, thereunto authorized by writing."

The plaintiff is suing on what it claims is a complete lease for two years and not on an agreement to make a lease. There would not seem to be sufficient evidence even of an agreement to make a lease, which is also required to be in writing. (Real Prop. Law, § 259.) However, this question is not presented for decision.

The plaintiff, for its proof of the making of a two-year lease, introduced what purported to be a lease for one year, supplemented by the already noted telegram from the defendant to the plaintiff, and a copy of what purported to be a letter sent by the plaintiff to the defendant in answer to the confirmation requested in said telegram. There was a dispute on the facts as to whether any such letter was sent. The testimony of the plaintiff was that the letter was mailed, while on behalf of the defendant there was testimony that the plaintiff's agent admitted that no letter was sent as well as testimony by the defendant that no letter was received. A question of fact was thus presented. Even the testimony on behalf of the defendant that no letter was received, standing by itself, would have been sufficient to raise a question of fact. In *Austin* v. *Holland* (69 N. Y. 571) Judge Andrews, writing for the court, said: " In this case, the jury have found that the plaintiff did not receive the notice sent by mail, and had no information of the dissolution of the firm of Dillon, Beebe & Co. prior to the trans-

action in question. The mailing of notice properly directed to the party to be charged raises a presumption of notice in fact, for it is presumed that letters sent by post to a party, at his residence, are received by him in due course. (Best on Presumption, § 403.) But this is a presumption of fact, and not of law, and may be repelled by proof; and, if the receipt of the letter in this case was disproved, then the defendant failed to show the actual notice required in order to exempt him from responsibility, and the question whether the letter was received was, we think upon the evidence, for the jury."

Although the issue in the case at bar was whether the letter was mailed rather than whether it was received, yet the denial of the receipt would thus seem to be sufficient to raise an issue of fact as to whether the letter was mailed. In the case at bar, however, we have in addition, the testimony on behalf of the defendant, as already noted, that the accredited agent of the plaintiff admitted that no letter had been mailed. Clearly, therefore, a question of fact was raised as to the mailing of the letter, which has been resolved in favor of the defendant, and hence the plaintiff must show that there was sufficient written evidence of the two-year lease to satisfy the statute and it must show this from the lease, which purports to be a lease for one year, supplemented by the aforesaid telegram from the defendant to the plaintiff, and without regard to the letter. On the basis of said lease and telegram, as noted, the Appellate Term decided the case in plaintiff's favor and held that there was a sufficient writing.

In so holding, it would seem that the learned Appellate Term was in error, since viewed from any angle there was not sufficient written evidence of the two-year lease to satisfy the statute. In the first place, when the plaintiff signed the lease, complete for the purposes of this decision except as to the length of the term, which was left blank, and delivered the two copies to the defendant, and when the defendant filled in the blank for one year, the lease was then limited to and fixed as a one-year lease, and any authority to otherwise fill in the term was terminated. The briefs cite no case upon this and such time as has been available has resulted in finding only one case, and that an old one, but it is directly on the point and does not appear to have been overruled. In *Matter of Decker* (6 Cow. 59) a bond was executed in blank and delivered to an agent to be filled up, and the court said: "Though the agent might have had power to correct the bond on its delivery, (a point which it is not necessary to decide), he certainly had no right to tamper with the bond in this way. He could not alter it again and again at his discretion. Such a general power cannot extend

40

beyond the time of delivery. Its force was spent on filling up the blank." Thus, when the blank was so filled in, the lease was limited to a one-year lease and no authority derived from the original delivery in blank thereafter existed to allow the defendant to add to the one-year term. Any parol authority to thereafter alter the one-year lease by increasing the term would be invalid. The statute itself so provides. (See Real Prop. Law, § 242, *supra*.) To the same effect are *Moelle* v. *Sherwood* (148 U. S. 21) and *Waldron* v. *Waller* (65 W. Va. 605; 64 S. E. 964).

If viewed from the angle of the plaintiff having offered to make a lease for two years, the same conclusion is reached, for when the defendant filled in the blank with a one-year term, the plaintiff then rejected the lease, and the original offer of the plaintiff would fall within the familiar doctrine that a rejected offer cannot thereafter be accepted. As is said in Williston on Contracts (§ 51): "Where an offer has been rejected, it ceases to exist and cannot thereafter be accepted, even though the acceptance is made within a time which would have been sufficiently early had there been no rejection."

Furthermore, there was another question of fact raised, which, from the decision of the trial court in favor of the defendant, must be assumed to have been found in his favor. This question of fact was that the parties did not intend the one-year lease and the telegram to constitute a formal lease of the premises, but that a formal written lease should thereafter be entered into between the parties. This is seen from the direct evidence in behalf of the defendant, which has heretofore been quoted, and also from the fair inference of all the evidence bearing on this issue. It is conceded by both sides that such a formal lease was never sent. As was said in *Jewett* v. *Griesheimer* (100 App. Div. 210, 213): "There is no intimation anywhere that the letter was to be construed as a part of the lease, * * * and it would seem that a fair import of the letter is, that while it referred to the premises in question, it was simply an inducement for the execution of the lease, and was not to be taken as a portion of the lease itself. At all events, we think the finding was one for the trial court to make, and, having made it, we see no reason for disturbing it."

It follows that the determination of the Appellate Term should be reversed and the judgment of the Municipal Court reinstated, with costs in all courts.

CLARKE, P. J., and MARTIN, J., concur; MERRELL, J., dissents.

Determination reversed and judgment of the Municipal Court affirmed, with costs and disbursements to the defendant, appellant, in this court and in the Appellate Term.