AMELIA J. MAURER, Plaintiff, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.*

Municipal Court of New York, Borough of Queens, First District, July 14, 1937.

*Samuel Nadler [Maurice Millimet of counsel], for the plaintiff.*

*Oeland & Kuhn [George W. Riley of counsel], for the defendant.*

KEITH, J. Action by plaintiff as beneficiary in policy of life insurance issued by defendant on life of plaintiff's husband for $1,000.

The defendant set up the defense that the insured failed to pay the quarterly installment of premium, amounting to $9.61, upon said policy, which was due on the 24th day of May 1936, and that, therefore, the policy had lapsed ' for non-payment of premium before the death of the insured.

The defendant also affirmatively pleaded, as it was required to do, that notice of the due date of the premium under section 92 of the Insurance Law had been mailed to the insured at least fifteen days and not more than forty-five days before the due date.

The jury upon the trial found a verdict in favor of the plaintiff for $1,000. The defendant moved at the close of plaintiff's case and at the close of the whole case for a dismissal of the complaint. Upon this motion the court reserved decision until after the return of the verdict by the jury. Upon the return of the verdict of the jury the defendant also moved to set aside the verdict and for a new trial. Decision upon this motion was also reserved.

I am of the opinion that both motions must be denied. To establish its affirmative defense, upon which it had the burden of proof, that the notice of premium due required by the provisions of section 92 of the Insurance Law was mailed to the insured, the defendant introduced into evidence the affidavit of one Evelyn Donnelly, who was in charge of the mailing of these premium notices. This affidavit stated that the notice that premium would be due on May twenty-fourth had been mailed out from the company's main office at Boston, Mass., on April 29, 1937. This affidavit was properly admitted in evidence on the express provision of the statute, and raised the presumption that the premium notice had been properly mailed.

The plaintiff endeavored to rebut this presumption by testifying that she received the mail of her husband during the months of April, May and June, 1936, and that no notice was received from the defendant company that any premium was due upon the policy in question. This proof was insufficient to create an issue of fact and to rebut the presumption of mailing. (*Goeller* v. *Equitable Life Assur. Soc. of U. S.*, 251 App. Div. 371, and *Trusts & Guarantee Co.* v. *Barnhardt*, 270 N. Y. 350, where it was held that testimony of an indorser on a note that he had not received notice of protest was insufficient to create an issue of fact concerning mailing of the notice, established *prima facie* by a notarial certificate to that effect.) There is no real distinction, as the plaintiff contends, between the *Barnhardt* case and the instant case. While it is true that a notary public is a public official, the reason for the rule laid down is not, as plaintiff intimates, because there is a presumption that a public official will do his duty, but the rule is based upon the presumption created by the terms of the statute. Had the case ended at this point, there is no question in my mind but that it would be necessary to dismiss the complaint in this action upon the merits. The defendant, however, was not satisfied to rest its case upon the presumption raised in its favor by the introduction of the affidavit of Evelyn Donnelly to the effect that the premium notice had been duly and properly mailed, but it elected to call various witnesses, one of them from the main office in Boston.

The witness Friend testified that the official receipt for the premium due was mailed from the home office to the district office *on the same day* that the premium notice was mailed to the policyholder. This was important on the question of establishing the date of the alleged mailing of the premium notice. This witness stated that there was not a record anywhere of the date of the mailing or of the receipt of the said official receipt, and beyond his belief in the custom of mailing about thirty days before, this witness had no definite or record knowledge or information, and could not say when the official receipt had been mailed.

Another witness called by the defendant, a Mr. Lovegren, was assistant secretary from the Boston office. He produced a ledger card from which he testified that the May twenty-fourth premium had not been paid to the home office. He identified the signature of Evelyn Donnelly, mailing clerk, and her affidavit to the effect that she mailed the premium notice. He testified that a Mr. Walter E. Queen was manager of the mailing division, had charge and supervision of that department, and was familiar with and best qualified to testify concerning the system prevailing in that

division having relation to the mailing of the premium notices. Mr. Queen was still in the company's employ and was available. The witness further testified that he had supervision over the various divisions, including the mailing division, and that the mailing clerks, including Miss Donnelly, were required to keep a record, to wit, a paper referred to as a " mailing sheet " which indicates and contains a record of all policy numbers and the names and addresses of the policyholders to whom premium notices were mailed on any particular day; that Evelyn Donnelly had kept a record on such a mailing sheet of all premium notices mailed out by her on May twenty-fourth; that she had checked the policy numbers and the names and addresses of the policyholders on the said mailing sheet against all premium notices mailed out by her on that date, and that her initials appeared on the said mailing sheet opposite the policy numbers and the names of the policyholders to whom she had mailed premium notices on that date. This record, the witness testified, was still in the possession of the defendant and was available.

The plaintiff argues that the jury was justified in taking into consideration the fact that the defendant failed to produce Evelyn Donnelly and Mr. Queen as witnesses, and particularly that the jury had a right to make an inference hostile to the defendant due to the failure of the defendant to produce the card or mailing sheet containing the records showing to whom premium notices had been sent on April 29, 1936.

Of course, by the express provision of the statute, the defendant was not obligated to produce any evidence of mailing other than the affidavit of Evelyn Donnelly, which itself raised a presumption that the premium notice had been properly and duly mailed. It may be, however, that the jury would be entitled to draw an inference against the defendant after it elected to call other witnesses and left a witness such as Mr. Queen, who had charge of the supervision of the mailing department, at home, while bringing Mr. Lovegren, who knew very little about the situation. The jury may also have been entitled to draw an inference against the defendant by reason of the non-production of the mailing list for April twenty-ninth showing that the name of the insured in the instant case was on the list of those to whom premium notices had been mailed on that date. Such an inference, however, even if set off against the presumption raised by the affidavit, might and probably would be insufficient to justify the verdict of the jury, were it not for the fact that the plaintiff actually produced affirmative evidence which might well have indicated to the minds of the jury that this premium notice was not mailed, despite the affidavit of Evelyn Donnelly.

It appears that the premium notices were prepared from an addressograph plate, that is to say, the premium notice was on a printed form, and from the addressograph plate the following information, set in the addressograph plate, was typed into the form, to wit, the amount of the premium, the day of the month when due, the number of the policy, the full name and address of the policyholder, including street, street number, town, city and State; that once prepared, such addressograph plate was *permanent* as to form, arrangement and content, unless there was a change in address, and that there had been no such change in this case; that the imprint from the said addressograph plate was made upon all premium notices and on the official receipts, and that the said imprint as to form, arrangement and content did not vary, and was the same in all respects upon all notices and receipts upon which the same was applied.

After showing the system in regard to this addressograph used by the defendant company, the plaintiff presented proof that the May twenty-fourth premium notice, the one in dispute, of which a true photostat copy was annexed to the defendant's bill of particulars, absolutely differed from the other premium notices and official receipts concededly carrying the imprint of the original and only addressograph plate said to have been used in connection with the premium notices on this policy, and on page 9 of his brief, the learned counsel for the plaintiff points out very clearly the differences in the impressions of the genuine notice and the May twenty-fourth disputed notices, which are as follows:

(1) The impression from addressograph on genuine notice:

| Amount of premium | Mths. | Policy No. | Date Due |
|---|---|---|---|
| 9.61 : | 3 | 2358370 | 24 |
| : | PETER  C | MAURER | |
| : | 79–17 | 153RD  ST | |
| : | FLUSHING  N. Y. | | |

(2) May 24th, disputed notice:

| Amount of premium | Mths. | Policy No. | Date Due |
|---|---|---|---|
| 9.61 : | 3 | 2358370 | 24 |
| : | PETER C MAURER | | |
| : | 79–17 | 153RD  ST | |
| : | FLUSHING N. Y. | | |

This affirmative proof obtained by the plaintiff from defendant's own bill of particulars and from the testimony of defendant's witnesses in my opinion raises a sufficient issue of fact for the jury to justify the court in having submitted the case to the jury and in the denial of this motion to dismiss the complaint and set aside the verdict. This proof, together with the failure of the defendant to produce documentary evidence in its possession, as well as to produce witnesses under its control after it had elected to produce some witnesses in addition to the affidavit of Evelyn Donnelly, convinces me that the verdict of the jury should stand. Motion to dismiss the complaint and to set aside the verdict of the jury and for a new trial will, therefore, be denied.