AMELIA J. MAURER, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.*

Supreme Court, Appellate Term, Second Department, October 29, 1937.

(See headnote 163 Misc. 723.)

*Oeland & Kuhn* [*George W. Riley* on the brief], for the appellant.

*Samuel Nadler* [*Maurice Millimet* on the brief], for the respondent.

Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to defendant to abide the event.

It was error to charge the jury that they might infer from the failure of defendant to call witnesses and produce documents under its control that, if produced, the witness and documents would be hostile to defendant. (*Perlman* v. *Shanck*, 192 App. Div. 179; *Fia* v. *Kreis*, 246 id. 531.) Were that error not present a reversal would have to be granted because of the apparent studied efforts of counsel for plaintiff to prejudice the jury by improper and needless questioning and comments even after being admonished by the court. The only basis for submitting to the jury the truthfulness of the clerk's affidavit was the unexplained statement of the bill of particulars that a photostat copy of the premium notice was attached thereto. Nothing else in the record in any wise cast doubt on the truthfulness of the affidavit of the clerk of defendant. That she existed and had charge of mailing notices is clear notwithstanding the repeated suggestions of plaintiff's attorney that she was a myth.

In view of the record here, however, there was no error in allowing cross-examination as to the defendant's records and procedure in keeping and making them. Defendant proceeded to establish its case by showing its method of doing business and producing

* Revg. 163 Misc. 723.

some documents kept in the usual course of business. That permitted inquiry as to what entries and documents were employed by defendant to make the documents introduced into evidence. The jury had to weigh what was offered in the light of the procedure followed in their preparation. Plaintiff did not, therefore, have to serve a notice to produce before permission could be given to interrogate as to the books, etc., on which the admitted evidence was based. But the right to examine as to the practices and methods and books of the defendant did not justify the comments and insinuations of plaintiff's counsel. No opinion.

All concur. Present — MacCrate, Lewis and Smith, JJ.