■   WILLIAM MURRAY, Appellant, v. SWITZER CONTRACTING Co., INC., Respondent.— Order of the Supreme Court, Nassau County, dated August 7, 1967, affirmed, with $10 costs and disbursements.   In our opinion, the first and third causes of action alleged in the complaint, purportedly predicated upon a liability created by statute and upon nuisance, respectively, are governed by the provisions of subdivision 6 of section 49 of the former Civil Practice Act and therefore are time-barred.   Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.

■   LE ROY NOFTELL, Respondent, v. GAIR REALTY CORP., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated April 23, 1968, which conditionally granted plaintiff's motion to remove the action from the Civil Court of the City of New York to the Supreme Court, Kings County, and for leave to serve an amended complaint and an amended bill of particulars.   Order modified, on the law and the facts, by striking from the first ordering paragraph the words "on condition that plaintiff serve his bill of particulars within ten (10) days from the service of a copy of this Order," and substituting therefor the words "except that leave to serve an amended bill of particulars is denied without prejudice to a renewed motion for relief with respect to plaintiff's bill of particulars."   As so modified, order affirmed, with $10 costs and disbursements to appellant.   Such renewed motion shall be governed by the views expressed herein.   Disputed questions of fact not passed upon by the Special Term were presented with respect to defendant's alleged failure to serve upon plaintiff, by mail, a copy of the time-conditioned preclusion order dated September 13, 1956, and also plaintiff's admitted failure to serve the initial bill of particulars until approximately one year after expiration of a stipulation extending the time for service as directed in the preclusion order.   Before considering whether an amended bill should be permitted to be served in this case, Special Term must determine if plaintiff has a meritorious excuse for failure to serve the initial bill in accordance with the terms of the preclusion order (cf. *D'Antonio* v. *Fitzgerald*, 11 A D 2d 804).   Relevant disputed questions of fact that must be passed upon, by taking testimony or receiving other evidence, are (1) whether defendant failed to serve a copy of the preclusion order with notice of entry upon plaintiff by mail as alleged by plaintiff and denied by defendant (cf. *Trusts & Guar. Co.* v. *Barnhardt*, 270 N. Y. 350; *New York Cent. Employees* v. *Commercial Credit Co.*, 13 Misc 2d 874; *Seglin Const. Co.* v. *State of New York*, 22 N. Y. S. 2d 94, affd. 262 App. Div. 782, mot. for rearg. den. 262 App. Div. 797) ; and (2) if such a copy was duly served, whether defendant failed to reject and return the late bill and also engaged in other acts with respect to this action which would constitute either a waiver of or estoppel as to its rights under the preclusion order (cf. *Alsens American Portland Cement Works* v. *Degnon Contr. Co.*, 222 N. Y. 34; *Merritt* v. *Ellis*, 285 App. Div. 1216; *Leiter* v. *Green*, 13 Misc 2d 449).   Therefore, plaintiff should move at Special Term to compel defendant to accept his initial bill of particulars *nunc pro tunc*, as of November 7, 1957, or, in the alternative, to have the order of preclusion vacated.   In the same motion plaintiff should also seek permission to serve an amended bill of particulars if Special Term shall rule in his favor as to the initial bill. Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.