■ A. & B. SERVICE STATION, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57011.)—Appeals from (1) a judgment entered April 25, 1974 upon a decision of the Court of Claims which awarded claimant $91,855 plus interest for the taking of its gasoline and service station premises located in Yonkers, Westchester County; (2) an order of the same court denying claimant's motion for an order voiding and setting aside a stipulation for settlement entered into in open court concerning claimant's fixtures; and (3) an order of the same court denying claimant's motion for an order deeming the notice of appeal dated July 22, 1974 to have been duly and timely filed *nunc pro tunc* as of April 25, 1974, the date of entry of the judgment. On April 11, 1974, a decision was rendered, following a trial of claimant's claim, awarding it $91,855, plus interest. On April 16, 1974, the clerk of the Court of Claims wrote to claimant asking it to submit a proposed judgment. Claimant, however, did not respond to this request. Having received no proposed judgment from claimant, the judgment clerk of the court followed general procedures and drafted a judgment which was

entered on April 25, 1974. On the same date a copy of the judgment and a transmittal letter giving notice of its entry was allegedly sent to claimant. On July 5, 1974 claimant allegedly discovered that the judgment had been entered. It called the clerk of the court who advised it that a copy had been served by mail. Claimant alleged that the judgment and notice of entry were never received. Another copy was sent by the clerk of the court which claimant received on July 11, 1974. Immediately, claimant prepared a notice of appeal from the judgment, and it was served upon the Attorney-General on July 22, 1974. On November 13, 1974 claimant moved for an order deeming its notice of appeal to have been timely filed *nunc pro tunc* as of the date of entry of the judgment. This motion was denied in an order entered January 14, 1975. On May 28, 1974 claimant also moved for an order setting aside a stipulation on fixtures it had entered into in open court with the State. This motion was also denied. The instant appeal ensued. CPLR 5513 (subd [a]) requires an appeal to be taken "within thirty days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". This statutory time limitation is considered jurisdictional with only a few statutory exceptions allowing extensions (CPLR 5514; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5513.02, p 55–78). Claimant, however, asserts that it never received the copy of the judgment or the notice of its entry which would start the 30-day time period. But the State asserts that claimant was served by mail, and CPLR 2103 (subd [b], par 2) provides that service by mail shall be complete upon deposit of a properly stamped and addressed letter in a depository under exclusive care and custody of the United States Post Office. Moreover, this service by mail is complete regardless of delivery to claimant *(14 Second Ave. Realty Corp. v Szalay,* 16 AD2d 919; *Anthony v Schofield,* 265 App Div 423, 425). While the State's witnesses could not testify that the specific letter in question was, in fact, properly mailed, they did testify to a course of business and office practice according to which it naturally would have been mailed, thus giving rise to a presumption that the letter had in fact been mailed *(Gardam & Son v Batterson,* 198 NY 175; Richardson, Evidence [10th ed], § 80; see *Aetna Ins. Co. of Hartford, Conn. v Millard,* 25 AD2d 341, 343). The mere denial of receipt was not sufficient evidence alone to rebut this presumption. Even if it were rebutted, the question of whether the letter was properly mailed would become, at most, an evidentiary question which the court reasonably could have decided as it did based on the circumstantial evidence offered by the State. Thus, the Court of Claims did not abuse its discretion when it found that service of the judgment and notice was completed by proper mailing on April 25, 1974. Accordingly, its denial of claimant's motion was not erroneous. Moreover, since the judgment was properly served, claimant's appeal must be dismissed as untimely. Similarly, the stipulation entered into in open court constituted a contract of settlement and could not be set aside on motion after entry of the judgment *(Kraft v Vassilaros & Sons,* 43 AD2d 972; *Schweber v Berger,* 27 AD2d 840). Judgment and orders affirmed, with costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.