■ BERYL H. BARTON et al., Respondents, v DAVID G. LA POINTE et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered February 27, 1978 in Essex County, which denied a motion for summary judgment dismissing the complaint on the condition that plaintiffs furnish a verified bill of particulars. A 30-day conditional order of preclusion against the plaintiffs was signed on February 21, 1977 for failure to comply with a demand for a bill of particulars, dated October 14, 1976. Defendants claim that a copy of the order, together with notice of entry, was mailed to plaintiffs' attorney on March 2, 1977. Plaintiffs' attorney, however, claims that he never received them and argues that the 30-day time period never began to run. In any event, plaintiffs never served the bill of particulars and on February 14, 1978, defendants moved for summary judgment on the ground that the preclusion order rendered it impossible for the plaintiffs to prove a prima facie case. The motion was denied on the condition that plaintiffs serve a verified bill of particulars within 10 days, and defendants appeal therefrom. Service by mail is complete upon deposit of a properly stamped and addressed letter in a United States Post Office depository (CPLR 2103, subd [b], par 2). This service by mail is complete regardless of

delivery to the addressee *(A & B Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). Thus, when defendants moved for summary judgment, over 10 months had passed from when the preclusion order became final. There is no explanation for the protracted inactivity on the part of plaintiffs' counsel. His contention that he never received a copy of the order and notice of entry cannot be deemed an excuse for the delay in serving the bill of particulars where, as here, there is a letter in the record from plaintiffs' attorney indicating that he had consented to the conditional preclusion order. Thus, it was a clear abuse of discretion for Special Term to deny the defendants' motion for summary judgment *(Ciccarelli v Welcome,* 50 AD2d 1046, affd 40 NY2d 954; *Paris v Poticha,* 1 AD2d 277). The order appealed from should be reversed and judgment granted for the defendants. Order reversed, on the law and the facts, and complaint dismissed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.