OPINION OF THE COURT
Sam Eisenberg, J.
This is a summary proceeding instituted under section 52 of the Tenant Protection Regulations (9 NYCRR 2504.2) for failure of the tenant to renew his lease under section 45 of those regulations (9 NYCRR 2503.5). The pertinent provisions of section 45 of the Tenant Protection Regulations (9 NYCRR 2503.5) are as follows: “Notice for renewal of lease. On a form prescribed by the division, every landlord shall notify the tenant in occupancy not more than 90 days and not less than 60 days prior to the end of the tenant’s lease term, by certified mail, of such termination of the lease term and offer to renew the lease at the legal regulated rent permitted for such renewal lease and otherwise on the same conditions as the expiring lease and shall give such tenant a period of 30 days from the date of mailing of such notice to renew such lease and accept the offer”.
Section 52 of the Tenant Protection Regulations (9 NYCRR 2504.2) provides in relevant part as follows:
“Proceedings for eviction — wrongful acts of tenant. An action or proceeding to recover possession of any housing *287 accommodation shall be maintainable after service and filing of the notice required by section 2504.3 of this Part only upon one or more of the following grounds wherein wrongful acts of the tenants are established * * *
“(f) The tenant has refused following notice pursuant to section 2503.5 of this Chapter to execute a renewal lease at the legal regulated rent authorized under this Chapter and the Act.”
The tenants defend against this eviction proceeding by asserting that they never received the notice for renewal of the lease either by certified mail or otherwise and that their experience with respect to delivery of mail within the building by the United States Post Office would justify a finding that the notice had not been delivered. Admittedly, the notice for such renewal was mailed by the landlord by certified mail. The issue is therefore sharply drawn. The landlord asserts that all that he need prove is the fact that he mailed the requisite notice by certified mail and his rights flow therefrom without regard to whether the notice was or was not received. Stated otherwise, it is an absolute presumption of receipt from the fact of mailing. In taking this position, the landlord relies upon case law to that effect and an opinion by the Honorable Robert E. Herman, Assistant Commissioner of the State Division of Housing and Community Renewal and the State Rent Administrator.
Commissioner Herman in a letter addressed to the attorneys for the petitioner, a copy of which has been delivered to the court, stated among other things as follows: “the Regulation * * * does not require that the tenant has received the Notice. (RTP-8) Therefore there is no requirement in showing compliance with the Act and Regulations that an owner establish receipt of the Notice.”
While the opinions of administrators who are charged with the enforcement of regulations expressed during hearings before them should be given considerable weight, opinions expressed in the abstract, without reference to a particular set of circumstances, are entitled to lesser weight and would not preclude the court from reaching an independent conclusion based upon the facts before it. *288 Secondly, it should be noted that the fact that a party need not establish receipt of notice, as a predicate to relief, does not preclude the acceptance of evidence of nondelivery of the notice.
It is a general rule that the law presumes that a letter properly addressed, stamped and mailed has been duly delivered to the addressee. In essence there is a presumption of receipt which flows from the fact of mailing. (Trusts & Guar. Co. v Barnhardt, 270 NY 350.) It has been posited as a matter of contrapositive logic that if one presumes that a letter which has been properly mailed was received, then one may equally presume that if a letter was not received then it was not duly mailed. (Teichberg v Blair & Co., 63 Misc 2d 1073.) But, that does not appear to be the law of this State. The presumption of receipt from mailing does not bar the acceptance of competent evidence to establish that there was not, in fact, proper mailing. (Trusts & Guar. Co. v Barnhardt, supra.) Indeed, the presumption of receipt from mailing does not arise until adequate proof of mailing has been adduced. (Caprino v Nationwide Mut. Ins. Co., 34 AD2d 522.)
A party who seeks to invoke the presumption makes out a prima facie case of receipt by establishing that the mailing Was properly made. (Trusts & Guar. Co. v Barnhardt, supra.) But, how far may an intended addressee go in rebutting that prima facie case? In the cited case of Trusts & Guar. Co. v Barnhardt (supra), the court adopted what appears to be a most rigid position. It determined that a prima facie case of receipt established by competent evidence of proper mailing may not be rebutted by the mere assertion by the addressee that he did not receive the mailed document. It even rejected testimony of failure of delivery by the post office (p 354) “arising from delinquencies or accidents in the post-office department”. Yet, courts have received testimony of nonreceipt despite proof of proper mailing. Thus, in Aetna Ins. Co. Hartford, Ct. v Millard (25 AD2d 341), while the court found that receipt had been proved, it accepted testimony that another letter allegedly mailed the same day had not been received. Similarly, in Caprino v Nationwide (supra), and Boyce v National Commercial Bank & Trust Co. of Albany (41 Misc *289 2d 1071, affd 22 AD2d 848), testimony was taken as to the action within the post office. In the words of the court in Teichberg v Blair & Co. (supra), there are three parties involved in the mailing of notices: the sender, the post office and the addressee. It would appear therefore that testimony of the post-office failure should ordinarily be heard on the question of receipt of the mailing.
There is no inconsistency between the determination in Trusts v Barnhardt (supra), and the acceptance of rebuttal testimony despite proof of initial mailing. The case of Trusts v Barnhardt (supra, p 353) involved a matter of notice of dishonor and protest of a promissory note under a Canadian statute which by its express language provided that, “‘Such notice so addressed shall be sufficient, although the place of residence of such party is other than either of the places aforesaid, and shall be deemed to have been duly served and given for all purposes if it is deposited in any post office, with the postage paid thereon, at any time during the day on which presentment has been made’
Both as a matter of public policy related to the commercial requirements of notice of protest and dishonor and by reason of the statutory provision, the court rejected testimony of nonreceipt, so long as mailing by the sending party was established.
We may conclude, therefore, that where a statute makes the mailing sufficient to establish receipt, or where public policy so dictates, so long as proper mailing has been established, no rebuttal testimony of nonreceipt will be accepted. On the other hand, absent such a statute or a countervailing public policy, testimony is admissible of nonreceipt and of inadequate mailing. That testimony may include proof of improper mailing by the sender or of post-office failure or any other pertinent evidence which would tend to establish nondelivery of the requisite notice.
Applying these rules to this case, the court finds the following: The petitioner did mail the notice by certified mail. There is no statute or regulation which makes such mailing absolute proof of receipt. There has been a denial of receipt and that denial is supported by evidence of *290 frequent failures by the post office to properly deposit the mail within the mailboxes in the building. The likelihood of nondelivery and nonreceipt is further supported by the prompt reaction of the tenants in seeking to renew their lease upon learning of the proposed action to terminate their tenancy.
For these reasons the court finds for the tenants. No legal fees are awarded to the respondents, since the proceeding was necessary to resolve and determine the rights of the parties. Costs are awarded to the respondents.