JORDAN ENGEL, an Infant, et al., Respondents, v JACOB J. LICHTERMAN, Appellant.

Second Department, October 17, 1983

APPEARANCES OF COUNSEL

*Martin, Clearwater & Bell* (*Jay W. Levy* of counsel), for appellant.

*John Anthony Bonina & Associates, P. C.* (*Charles H. Dobkin* of counsel), for respondents.

OPINION OF THE COURT

MANGANO, J.

In this medical malpractice action, the defendant moved for summary judgment based on plaintiffs' failure to comply with a conditional order of preclusion which was entered on consent. Annexed to defendant's moving papers was a verified affidavit of service by mail of said order with notice of entry which correctly designated the address of plaintiffs' attorney. In an opposing affidavit, plaintiffs' attorney stated that he never received the aforesaid order. The question to be resolved on this appeal is whether plaintiffs' attorney's mere denial of receipt precludes the

granting of summary judgment to defendant. In our view, the question must be answered in the negative.

## I

The instant medical malpractice action was commenced by the plaintiffs against the defendant doctor in January, 1978. On March 24, 1978, defendant interposed an answer, and on April 14, 1978, his attorney served a demand for a bill of particulars upon plaintiffs' attorney.

On or about September 6, 1979, a motion for an order of preclusion was made by defendant and served on plaintiffs' attorney, returnable on September 26, 1979, on the ground that plaintiffs failed to timely comply with the defendant's demand for a bill of particulars.

No papers were served by plaintiffs in opposition to the defendant's motion to preclude. On November 1, 1979, an order was entered on consent, which conditionally granted the defendant's motion to preclude. Specifically, that order stated in pertinent part: "Upon the foregoing papers this motion to preclude is granted (on consent) unless the bill of particulars is served within 30 days after service of a copy of this order with notice of entry upon the attorney(s) for the plaintiff".

On December 12, 1979, defendant served on plaintiffs' attorney the order of November 1, 1979, with notice of entry. After fruitlessly waiting 15 months for a response from plaintiffs' attorney, defendant moved in March, 1981 for summary judgment dismissing plaintiffs' action.

In his motion papers for summary judgment, defendant's attorney annexed an affidavit of service of the November 1, 1979 conditional order of preclusion with notice of entry. The affidavit of service, dated December 12, 1979, and indicating mail service on that date, was duly notarized and correctly designated the address of plaintiffs' attorney.

In opposition to defendant's motion for summary judgment, plaintiffs' attorney submitted an affidavit wherein he stated, *inter alia,* that: "My office * * * never received that order * * * I have inquired as to whether any of my employees at the time had any knowledge of receipt of the order * * * and they have indicated to me that they had no

such knowledge. I can only surmise that this document was lost in the mail, since it was never delivered to our offices".

Special Term granted defendant's motion for summary judgment, unless plaintiffs' attorney complied with certain conditions, i.e., payment of costs and attorney's fees and service of a bill of particulars, within a specified period of time.

## II

In our view, Special Term erred in failing to grant defendant's motion for summary judgment unconditionally.

Contrary to the position taken by our colleagues, dissenting in part, plaintiffs' attorney, in denying receipt of the conditional order of preclusion, never suggested in his opposing papers that the conditional order of preclusion was not mailed. Plaintiffs' attorney only surmised in his opposing papers "that this document was lost in the mail". Since plaintiffs' attorney never challenged the mailing of the conditional order of preclusion in his opposing papers, a presumption arose that it was received. It has long been recognized in the law of evidence that a letter properly mailed is presumed to have been received (*News Syndicate Co. v Gatti Paper Stock Corp.*, 256 NY 211; *Dulberg v Equitable Life Assur. Soc.*, 277 NY 17). Plaintiffs' attorney's mere speculation that the order of preclusion "was lost in the mail" is insufficient to rebut the presumption of delivery and trigger the need for a hearing. In this regard, the opposing papers of plaintiffs' attorney are clearly distinguishable from those in *De Feo v Merchant* (115 Misc 2d 286) and *Vita v Heller* (97 AD2d 464 [decided herewith]). In *De Feo v Merchant* (*supra,* pp 289-290): "evidence of frequent failures by the post office to properly deposit the mail within the mailboxes" of a building was submitted in addition to a mere denial of receipt.

In *Vita v Heller* (*supra*) plaintiff commenced an action by service of a summons only, on July 19, 1980. Thereafter, on August 19, 1980, defendants allegedly served a notice of appearance and demand for the complaint. About 14 weeks later, on November 28, 1980, plaintiff attempted to serve the complaint but defendants rejected same as untimely,

and moved, pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a timely complaint. In support of their position, defendants produced an affidavit of service by mail of their notice of appearance and demand. In opposition to defendants' motion, plaintiff's attorney initially stated that he accepted "the statement set forth in [defendants' attorneys'] affidavit that his office served a Notice of Appearance and Demand * * * on behalf of the defendants, on or about August 19, 1980". In short, the plaintiff in *Vita* (*supra*) conceded that the notice of appearance and demand was mailed on August 19, 1980. However, in explanation of the untimely service of the complaint, plaintiff's attorney claimed that the notice of appearance and demand was never received. In support of his argument, plaintiff's attorney submitted an affidavit from his secretary in which she described her usual practice of making notations on office files when pleadings or notices of motion were received and also noting in her diary the corresponding response dates. She alleged that there were no notations concerning the notice of appearance and demand for a complaint on either the case file or in the office diary, indicating by implication that the notice of appearance and demand was never received.

In modifying the order appealed from and remitting for a hearing, two members of this court stated, in part: "Service of papers by mail is deemed complete upon deposit of such papers in the mail and such manner of service creates a presumption of proper mailing to the addressee (CPLR 2103, subd [b], par 2; *A & B Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). The burden then falls upon the addressee to present evidence sufficient to overcome the presumption and establish nonreceipt. In the case at bar, the affidavit of plaintiff's counsel's secretary was sufficient to overcome the presumption and create a question of fact, the resolution of which requires a hearing". (*Vita v Heller, supra,* p 464-465.) In contrast to the probative affidavit in *Vita v Heller* (*supra*) the mere denial of receipt in the case at bar is insufficient to overcome the presumption of delivery and trigger the need for a hearing.

Finally, there is authority for the proposition that a denial of receipt of a conditional order of preclusion will not

suffice to excuse extensive delay in complying with same, when the conditional order of preclusion was entered on consent.

In *Barton v La Pointe* (67 AD2d 760), where the facts were strikingly similar to those at bar, defendants obtained a 30-day conditional order of preclusion on February 21, 1977, on consent based on plaintiffs' failure to comply with a demand for a bill of particulars dated October 14, 1976. Plaintiffs never complied with the February 21, 1977 conditional order of preclusion and defendants thereafter moved for summary judgment. In their moving papers, defendants claimed that a copy of the preclusion order, together with notice of entry, were mailed to plaintiffs' attorney on March 2, 1977. In opposition, plaintiffs' attorney claimed that he never received the conditional order of preclusion with notice of entry, and argued that the 30-day time period never began to run. In granting defendants' motion for summary judgment, the court stated in pertinent part (pp 760-761): "Service by mail is complete upon deposit of a properly stamped and addressed letter in a United States Post Office depository (CPLR 2103, subd [b], par 2). This service by mail is complete regardless of delivery to the addressee (*A & B Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). Thus, when defendants moved for summary judgment, over 10 months had passed from when the preclusion order became final. There is no explanation for the protracted inactivity on the part of plaintiffs' counsel. His contention that he never received a copy of the order and notice of entry cannot be deemed an excuse for the delay in serving the bill of particulars where, as here, there is a letter in the record from plaintiffs' attorney indicating that he had consented to the conditional preclusion order".

## III

Moreover, even assuming, *arguendo,* that plaintiffs' attorney suggested in his opposing papers that the conditional order of preclusion was not mailed, we are of the view that a hearing on the issue of mailing is not necessary, and that defendant's motion for summary judgment should have been granted unconditionally.

In *De Forte v Doctors Hosp. of Staten Is.* (66 AD2d 792), a defendant doctor moved to dismiss the complaint as against him for failure to prosecute. The motion was opposed by plaintiff. On December 7, 1977, Special Term ordered a dismissal of plaintiff's complaint against the doctor unless "plaintiff shall serve and file a Note of Issue by within 60 days of service of a copy of this order, with Notice of Entry, upon the attorney for the plaintiff". Plaintiff failed to comply with the order of Special Term.

Thereafter, defendant's attorneys sent a letter dated February 24, 1978 addressed to plaintiff's attorneys which referred to the conditional order of preclusion and stated, "we consider the Complaint to be dismissed".

The defendant doctor then moved to strike the action from the calendar on the ground that plaintiff had failed to serve a note of issue within the 60-day time limitation set forth in the order of December 7, 1977. In his papers, the defendant doctor produced an affidavit dated December 15, 1977 indicating that on that date the conditional order of preclusion with notice of entry was served by mail. The affidavit was duly notarized and correctly designated the address of plaintiff's attorney.

In opposition to defendant's motion, plaintiff's attorney stated in an affirmation that:

"[O]n February 24, 1978, a letter * * * was received by this office and once again a personal call was placed to advise the attorney's that an order with notice of entry was never received * * *

"I have reviewed the affidavit of service by mail but have also carefully reviewed my file and attest to the fact that no order by this Defendant was ever received by this office * * *

"While I can appreciate the difficulty of a large firm vis-à-vis service of papers, I can further appreciate that, from time to time, a paper which was to have been served may, in fact, not have been deposited with the Postal Services".

Clearly in *De Forte* (*supra*), plaintiff's attorney was suggesting, in his opposing papers, that the conditional order of preclusion may not have been mailed. Nevertheless, this court granted defendant doctor's motion to strike

the action from the calendar stating: "The mere denial by plaintiff that he had ever received a copy of the order of December 7, 1977, with notice of entry, is insufficient to rebut the inference of proper mailing which may be drawn from defendant Di Benedetto's affidavit of service and acknowledged warning letter to plaintiff (see *Aetna Ins. Co. of Hartford, Conn. v Millard,* 25 AD2d 341, 343; *A & B Serv. Sta. v State of New York,* 50 AD2d 973). Moreover, service by mail is complete regardless of delivery (see *14 Second Ave. Realty Corp. v Szalay,* 16 AD2d 919)."

In *14 Second Ave. Realty Corp. v Szalay* (16 AD2d 919), an order dismissing a counterclaim was dated and entered on December 20, 1961. A notice of appeal dated February 12, 1962 was thereafter filed by defendant. Plaintiff moved to dismiss the appeal as untimely, and in support of the motion annexed an affidavit of service sworn to on December 27, 1961 indicating "service by mail on said date of the said order with notice of entry" (*14 Second Ave. Realty Corp. v Szalay, supra,* p 919). In opposition, defendant denied receipt of the order. In granting the plaintiff's motion to dismiss the appeal, the First Department held (pp 919-920): "Service by mail is complete regardless of delivery where the mailing itself complies with all requisites. (*Anthony* v. *Schofield,* 265 App. Div. 423, 425.) The appellant denied receipt of the order. In some circumstances such denial would raise an issue which would require a hearing for its resolution. However, the affidavits here raise no triable issue as to the mailing".

Nor does the recent decision of this court in *Grinan v Santaella* (89 AD2d 866) stand for a contrary position. In that case, the State Division of Human Rights, by order dated September 28, 1981, found that no probable cause existed for the petitioner's allegations. Petitioner appealed to the State Human Rights Appeal Board by filing a notice of appeal. The appeal board then dismissed the appeal for untimeliness finding that (1) the division's order was mailed September 28, 1981, (2) the notice of appeal was filed on November 23, 1981, (3) more than 15 days had elapsed from service of the order until filing of the notice of appeal and (4) the appeal was therefore untimely pursuant to section 297-a (subd 6, par c) of the Executive Law.

Petitioner then commenced a proceeding in this court pursuant to section 298 of the Executive Law to review the decision of the State Human Rights Appeal Board which had dismissed petitioner's appeal to it as untimely. The division's file and the record before this court in *Grinan v Santaella (supra)*, did not contain an affidavit of service of the September 28, 1981 order of the division, or for that matter, any other indication that the division's order of September 28, 1981 was, in fact, mailed. Accordingly, this court granted the petition and remitted to the appeal board for a "hearing and determination as to the mailing of the division's determination and order and the timeliness of the notice of the appeal therefrom". Specifically, this court stated (89 AD2d, at pp 866-867): "It is clear that service by mail is complete upon deposit of a properly stamped and addressed letter in a depository under the exclusive care and custody of the United States Post Office (CPLR 2103, subd [b], par 2; subd [c]); this service is complete regardless of delivery to or receipt by the claimant (see *A. & B. Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). The record before us, however, is devoid of any evidence to establish the actual date that the determination and order was mailed, or whether there was in fact proper and complete service by mail. Without such evidence, it is impossible for us to decide the issue of the timeliness of the filing of petitioner's appeal to the appeal board."

Our colleagues, dissenting in part, are of the view that (1) an issue of fact exists as to whether the order was mailed and (2) *De Forte v Doctors Hosp. of Staten Is. (supra)* and *14 Second Ave. Realty Corp. v Szalay (supra)* represent indiscriminate and erroneous extensions of the holding of the Court of Appeals in *Trusts & Guar. Co. v Barnhardt* (270 NY 350). Specifically, the dissent argues that (1) *Trusts & Guar. Co. v Barnhardt (supra)* involved a particular statute which provided that an affidavit of service constituted prima facie evidence of mailing and for that reason the court held that it could not be rebutted by a mere denial of receipt and (2) several courts have distinguished that case in situations where there was no statute making an affidavit of service by mail prima facie or

presumptive proof thereof (see, e.g., *Noftell v Gair Realty Corp.,* 32 AD2d 839; *Teichberg v Blair & Co.,* 63 Misc 2d 1073; *De Feo v Merchant,* 115 Misc 2d 286, *supra*).

We disagree with the analysis offered by our colleagues. Although *Trusts & Guar. Co. v Barnhardt (supra)* can be distinguished on its facts, it is not cited as authority in the decisions of *De Forte v Doctors Hosp. of Staten Is. (supra)* and *14 Second Ave. Realty Corp. v Szalay (supra),* and cannot be used to diminish the clear import of those decisions. Nor are the cases cited in the partial dissent persuasive or apposite.

The decision of *Teichberg v Blair & Co. (supra,* p 1078) accepted the proposition that "a letter not received was not duly mailed is the contrapositive of stating that a letter duly mailed was received" and therefore held that the former is to be accorded the same truth value as the latter — and as the latter is accepted as a valid presumption, the former must be as well". However, a later decision, *De Feo v Merchant (supra,* p 288) states that this reasoning "does not appear to be the law of the State" and reiterates the general rule that "[t]he presumption of receipt from mailing does not bar the acceptance of competent evidence to establish that there was not, in fact, proper mailing".

Finally, the partial dissent relies on the decision of this court in *Noftell v Gair Realty Corp.* (32 AD2d 839, *supra*). Although the facts in that case superficially resemble those at bar, an examination of the record in *Noftell (supra)* indicates that the attorney for the plaintiff who moved to amend the bill of particulars, was not the same attorney, nor did he have offices at the same address, as the attorney upon whom the preclusion order was served, as evidenced by the affidavit of service by mail of September 13, 1956 (see *Anthony v Schofield,* 265 App Div 423, *supra*). Under those circumstances, a hearing was warranted.

Moreover, even assuming, *arguendo,* that *Noftell v Gair Realty Corp. (supra)* is indistinguishable from *De Forte v Doctors Hosp. of Staten Is. (supra)* and *14 Second Ave. Realty Corp. v Szalay (supra),* we are of the view that the latter two cases are the controlling precedents on this issue.

## IV

Evidence of proper mailing of the conditional order of preclusion was submitted by defendant in the form of a correct and accurate affidavit of service by mail. Under these circumstances, a presumption arose that the conditional order of preclusion was received by plaintiffs' attorney. Plaintiffs' attorney's mere denial of receipt was insufficient to rebut that presumption. In any event, the denial of its receipt cannot excuse the inordinate delay herein in serving a bill of particulars where the conditional order of preclusion was entered upon consent. Finally, the mere denial of receipt of the conditional order of preclusion, did not, under the circumstances of this case, raise an issue of fact as to the initial mailing of the conditional order of preclusion.

Accordingly, the defendant's motion for summary judgment should have been granted unconditionally.

GIBBONS, J. (concurring in part and dissenting in part). An allegation of nonreceipt made by the addressee of legal papers purportedly mailed pursuant to CPLR 2103 (subd [b], par 2), if true, logically raises two possibilities: either the papers were never mailed, or they were mailed but were lost in transit. Not remarkably, plaintiffs' lawyer, after asserting that the conditional order of preclusion entered November 1, 1979, was never received, suggests that either the order was never mailed or that it was lost by the postal service.

Contrary to what is insinuated by the majority, plaintiffs never conceded that the order was, in fact, mailed. In opposition to defendant's motion, plaintiffs' attorney merely stated that "it appears in the moving papers" that the order was mailed. He did not, as did the attorney for the plaintiff in *Vita v Heller* (97 AD2d 464 [decided herewith]), accept that this was, in fact, so. Moreover, on appeal, plaintiffs' counsel asserts that his position at Special Term was that, as he had not received the order, it had either not been mailed or it had been lost in the mail. Whether this statement refers only to the contentions made in the papers submitted to Special Term or also to contentions made at oral argument is unclear. In any event, defendant has never claimed that plaintiffs have

conceded that the order was mailed. Furthermore, in the face of a categorical assertion that a legal document was not received, it makes little sense to say that it is nonetheless conceded that the letter enclosing the document was mailed, unless, as in *Vita v Heller (supra)*, there is in the record an unequivocal statement to that effect.

Because of the dispute as to whether the order was mailed in the first place, it is not necessary, at least at this time, to confront the possible circumstances of the order being lost in the mail and whether such would provide a reasonable excuse, on the facts of this case, for failing to furnish a bill of particulars (see *Vita v Heller, supra*). If the order were not properly mailed, it was never served pursuant to CPLR 2103. In that event, the 30-day time period in which plaintiffs were to respond, according to the very terms of the order, never began to run. "If the time in which to serve a bill [of particulars] is measured [in the conditional order] * * * from the time the resisting party is served with a copy of the order, the time will not begin to run until then and *the delay in service will thus keep extending the time to serve the bill*" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3042:11, p 690; emphasis added). Assuming that a copy of the order was not mailed, an issue which, in my view, requires a hearing for resolution, it ill behooves defendant to complain about plaintiffs' alleged failure to abide by the procedural requirements of the law.

The majority would deny plaintiffs the opportunity to litigate at a hearing the question of whether the order was mailed because defendant has proffered an affidavit of service. Several cases are cited in support of the proposition that an addressee's denial of receipt is insufficient to rebut an inference of proper mailing which can be drawn from defendant's affidavit of service (see, e.g., *De Forte v Doctors Hosp. of Staten Is.*, 66 AD2d 792). This proposition has its roots in the Court of Appeals holding in *Trusts & Guar. Co. v Barnhardt* (270 NY 350; see Fisch, New York Evidence [2d ed], § 1139, p 658, n 58):

*Barnhardt (supra)* involved a Canadian statute which provided that a notary's certificate showing the dishonor of a promissory note and the mailing of the notice of protest

was *"prima facie* evidence of presentation and dishonour, and also of service of notice" (*Trusts & Guar. Co. v Barnhardt, supra,* p 353, quoting from Revised Statutes of Canada, 1927, p 280). The Canadian statute further provided that a notice of dishonour, properly mailed, was deemed received even if lost by the postal service. The Court of Appeals, interpreting the Canadian statute, held that when the sender made out his prima facie case of mailing, through a notary's certificate, evidence of nonreceipt presented by the addressee, standing alone, did not create an issue of fact requiring a hearing or trial.

*Barnhardt* (*supra*) has been criticized by no less an authority than Dean Wigmore: "[D]id not the opinion fail to distinguish two things, (1) the conclusiveness of the mailing and (2) the conclusiveness of the certificate? The statute virtually made the mailing the sufficient act, as a rule of substantive law, regardless of receipt by the addressee; hence his nonreceipt was immaterial. But the fact of mailing remained open to proof and the notary's certificate was here not conclusive * * * The opinion concedes that 'the falsity of the certificate may be shown ... by any competent evidence,' and that 'evidence that notice was not received would undoubtedly be competent.' Now the only available evidence would ordinarily be the testimony of the addressee and his staff, which was here offered for that purpose. The precise ruling is that such testimony is admissible but not sufficient to go to the jury, but reason given is the above § 104 of the statute. That section, however, *assumes* the fact of mailing and its rule follows only when mailing is proved. But here it was the mailing that was disputed, and the statute did not yet apply. Hence, the reason given for the ruling is inadequate". (9 Wigmore, Evidence [Chadbourn rev], p 568, n 5.) It also appears that *Barnhardt* (*supra*) runs counter to the rule followed in most of the jurisdictions in this country (see 31A CJS, Evidence, § 136, subd c, and cases cited therein; see, e.g., *Simpson v Jefferson Std. Life Ins. Co.,* 465 F2d 1320). Whatever the merit of *Barnhardt* (*supra*), it is clearly distinguishable from the case at bar. The cases which indiscriminately apply the *Barnhardt* (*supra*) holding to varying statutory contexts do not make allowance for the rather unique statute there involved.

*Barnhardt* (*supra*) is based upon the language of the *Canadian statute which sets forth a rule* that, in cases under the statute, an *affidavit* of mailing is prima facie evidence of service. A New York statute, former section 92 of the Insurance Law, contained similar language to that found in the Canadian statute with respect to proof of mailing. It provided that "[t]he affidavit of any officer, clerk, or agent of the corporation * * * that the notice required by this section has been duly addressed and mailed * * * shall be presumptive evidence that such notice has been duly given". Comparing this statute to the one in *Barnhardt* (*supra*), the First Department followed *Barnhardt* (*supra*) and held that proof of nonreceipt of the notice required by former section 92 of the Insurance Law was insufficient to rebut the "presumptive" effect to be given the affidavit of mailing (*Goeller v Equitable Life Assur. Soc. of United States,* 251 App Div 371).

On the other hand, various courts have distinguished *Barnhardt* (*supra*) in situations where there was no legislation making an affidavit of mailing prima facie or presumptive proof thereof (see *Noftell v Gair Realty Corp.,* 32 AD2d 839; *Teichberg v Blair & Co.,* 63 Misc 2d 1073; *De Feo v Merchant,* 115 Misc 2d 286; cf. *Maurer v John Hancock Mut. Life Ins. Co.,* 163 Misc 723, revd on other grounds 164 Misc 717). In fact, our decision in *Noftell v Gair Realty Corp.* (*supra*) is, for all intents and purposes, on all fours with this case. On September 16, 1955, the defendant served a demand for a bill of particulars on the plaintiff's attorney. On September 13, 1956, an order of preclusion was entered on plaintiff's consent requiring the plaintiff to serve a bill within 60 days after service of a copy of said order upon the plaintiff's attorney. According to an affidavit of service from one of the defendant's attorneys the order was sent by mail on September 13, 1956. The bill of particulars was not provided until late 1957 and was allegedly rejected by the defendant on the ground of lateness. Subsequently, as the case slowly progressed through the courts, the plaintiff moved for, among other things, leave to amend his bill of particulars. This court, in considering the plaintiff's motion, found it essential to determine first the status of the initial bill of particulars

and the effect of the order of preclusion. In particular, the plaintiff denied ever receiving a copy of the order, although he acknowledged entering into a stipulation extending his time to serve the bill. This court held that whether a copy of the conditional order of preclusion was mailed so as to trigger the 60-day period was an unresolved question of fact. In pertinent part we noted: "Disputed questions of fact not passed upon by the Special Term were presented with respect to defendant's alleged failure to serve upon plaintiff, by mail, a copy of the time-conditioned preclusion order dated September 13, 1956, and also plaintiff's admitted failure to serve the initial bill of particulars until approximately one year after expiration of a stipulation extending the time for service as directed in the preclusion order. Before considering whether an amended bill should be permitted to be served in this case, Special Term must determine if plaintiff has a meritorious excuse for failure to serve the initial bill in accordance with the terms of the preclusion order (cf. *D'Antonio* v. *Fitzgerald,* 11 A D 2d 804). Relevant disputed questions of fact that must be passed upon, by taking testimony or receiving other evidence, are (1) whether defendant failed to serve a copy of the preclusion order with notice of entry upon plaintiff by mail as alleged by plaintiff and denied by defendant (cf. *Trusts & Guar. Co.* v. *Barnhardt,* 270 N.Y. 350; *New York Cent. Employees* v. *Commercial Credit Co.,* 13 Misc 2d 874; *Seglin Const. Co.* v. *State of New York,* 22 N.Y.S.2d 94, affd. 262 App. Div. 782, mot. for rearg. den. 262 App. Div. 797)".

My colleagues in the majority attempt to distinguish *Noftell* (*supra*) by noting that "the record in *Noftell* (*supra*) indicates that the attorney for the plaintiff who moved to amend the bill of particulars, was not the same attorney, nor did he have offices at the same address, as the attorney upon whom the preclusion order was served, as evidenced by the affidavit of service by mail of September 13, 1956". In fact, the plaintiff in *Noftell* (*supra*) did not change attorneys, but utilized three attorneys with offices at different addresses. The fact that the affidavit of mailing stated that the copy of the preclusion order was mailed to one of the plaintiff's attorneys, whereas another moved to

amend the bill of particulars, was incidental to our holding in that case. Nowhere is it mentioned in the decision. Furthermore, such could not be relevant, since, generally, a client is bound by notice to or knowledge of his attorney (*Farr v Newman,* 14 NY2d 183). If, in fact, the order was mailed to and received by one of his attorneys, the plaintiff could not raise an issue as to any lack of notice, either to him or to his other attorneys.

*Noftell* (*supra*) is simply not distinguishable from the case at bar, nor, for that matter, are the cases primarily relied on by the majority, i.e., *De Forte v Doctors Hosp. of Staten Is.* (66 AD2d 792, *supra*) and *Barton v La Pointe* (67 AD2d 760). It is inescapable that *Noftell* (*supra*) is inconsistent with *De Forte* (*supra*) and *Barton* (*supra*) and either *Noftell* (*supra*) or the others must be correct. Resolution of the controversy is not furthered by attempting to distinguish the indistinguishable.

The mailing statutes relevant in *Noftell* (*supra*) were sections 163-a and 164 of the Civil Practice Act and subdivision 1 of rule 20 of the Rules of Civil Practice. Their more modern analogue is CPLR 2103 (subd [b], par 2), allowing for service of legal papers on a party's attorney, "by mailing the paper to him at the address designated by him for that purpose or, if none is designated, at his last known address; service by mail shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state". This provision says nothing about an affidavit of service being prima facie or presumptive evidence of mailing. In fact, affidavits of service are not even mentioned. While the provision does say that service will be deemed complete upon mailing, thereby obliging the sender no further, the statute is silent on the subject of how the mailing itself is to be proved.

That service is deemed complete on mailing, pursuant to CPLR 2103, is a reflection of the long-standing evidentiary rule that a letter properly mailed is presumed to have been received (*News Syndicate Co. v Gatti Paper Stock Corp.,* 256 NY 211). The presumption of receipt, arising upon proof of proper mailing, is clearly not the same thing as an

alleged presumption or inference of mailing which purportedly arises because an affidavit of service is submitted to the court. The latter notion is a rule created by statute, such as was present in the *Barnhardt* case (*supra*). Absent such a statute, there is no presumption of mailing (*Uni-Serv Corp. v Frede,* 50 Misc 2d 823, affd 53 Misc 2d 644; see, also, *Tisch Family Foundation v Texas Nat. Petroleum Co.,* 326 F Supp 1128). The former concept, that of the presumption of delivery, is predicated on a trust in the regularity of the postal service. As a logical matter the obverse of this presumption is equally valid: if a letter were not received, then it should be presumed not to have been properly mailed (see *Teichberg v Blair & Co.,* 63 Misc 2d 1073, 1077-1078, *supra*). Thus, when it is alleged that a letter was not received, a factual issue arises as to whether it was mailed (*Hastings v Brooklyn Life Ins. Co.,* 138 NY 473; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522; *Westwitt Realty Corp. v Burger,* 212 App Div 622; *Simpson v Jefferson Std. Life Ins. Co.,* 465 F2d 1320, *supra*). Absent a legislative statement to the contrary, which would presumably be based on policy grounds, there is no reason to give more credence to an affidavit of mailing than to an affidavit of nonreceipt. The existence of such contrary affidavits create a controverted material issue of fact requiring a hearing or trial (*Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760; *Curry v Mackenzie,* 239 NY 267; *LeFevre v Cole,* 83 AD2d 992; *Empire Nat. Bank v Judal Constr. of N.Y.,* 61 AD2d 789).

The majority maintains that a "mere" denial of receipt is inadequate to raise a question of fact as to mailing. In the first instance, what else may a person who never received a paper, purportedly mailed, say but, "I never received it"? Should the burden initially be placed on the addressee to assert nonmailing as well as nonreceipt? This court has previously held that the burden of proving mailing, where it is at issue, is on the sender (*Ruina v Commercial Travelers Mut. Acc. Assn.,* 272 App Div 1028, affd 297 NY 824). What proof would be required if that burden should, instead, fall upon an innocent party who did not receive the disputed paper? Should he suffer a substantial judgment or lose a valuable right if, in fact, it was never mailed, as

initially appears by the fact of nonreceipt? Assuming the addressee is a single practitioner not surrounded by a coterie of clerks, secretaries, and assistants who can innundate the record with affidavits of office procedure to convince the court initially, sans hearing, that the document was never delivered to him, does he suffer defeat because he simply asserts the truth in the initial foray: "I never received it"? Where, without a hearing, can the addressee get any further competent evidence to establish that there was not, in fact, proper mailing? Almost necessarily, he must do so through cross-examination of the purported sender. Traditionally, a hearing before the court has been deemed the appropriate vehicle for resolution of disputed issues of fact where substantial rights of parties are involved. An exception should not be made here.

Before the presumption of receipt is invoked, adequate proof of mailing must be adduced (*Capra v Lumbermens Mut. Cas. Co.,* 43 AD2d 986; *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522, *supra*). Such proof, if unchallenged, may be in the form of an affidavit or, if challenged, then, in the form of testimony from the sender to the effect that the letter in question was properly addressed, stamped and posted, or it may be in the form of evidence of an office practice and procedure followed in the regular course of business, in this case, by the office of defendant's attorneys, which shows that the letter in question was duly stamped, addressed and mailed (*Nassau Ins. Co. v Murray,* 46 NY2d 828; *Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238). Thus, at least in the absence of a statute providing that an affidavit of mailing is prima facie or presumptive proof of such mailing, when receipt is denied, there must be a hearing where the sender is put to the task of establishing a proper mailing (*Hastings v Brooklyn Life Ins. Co.,* 138 NY 473, *supra; Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, *supra; Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522, *supra*). The addressee will then be afforded an opportunity for cross-examination wherein he could attempt, for example, to show that the "routine office practice was not followed or was so careless that it would be unreasonable to assume that the [letter] was mailed" (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830, *supra; see, also, Anzalone v State Farm Mut. Ins. Co., supra*).

Because the majority's holding runs counter to a long line of cases which favor disposition concerning a disputed mailing by way of a hearing or at trial, wherein the sender is put to his proof, and because the majority's decision appears to misapprehend the rule set down in *Barnhardt* (*supra*), I respectfully dissent. The question of whether or not the preclusion order was mailed should be resolved at a hearing. Accordingly, I vote to reverse the order insofar as appealed from and to remit the matter for a hearing in accordance herewith.

GULOTTA and BROWN, JJ., concur in the opinion of MANGANO, J.; GIBBONS, J., concurs to the extent of voting to reverse the order insofar as appealed from, but dissents to the extent of voting to remit the matter to the Supreme Court, Kings County, for a hearing, with an opinion, in which LAZER, J. P., concurs.

Order of the Supreme Court, Kings County, dated May 22, 1981, reversed insofar as appealed from, on the law, with costs, and defendant's motion for summary judgment dismissing the complaint granted unconditionally.