■ JOHN HEFFNEY, an Infant, by His Mother and Natural Guardian, VALERIE HEFFNEY, Respondent, v BROOKDALE HOSPITAL CENTER, Appellant. — In a medical malpractice action to recover damages for personal injuries, the defendant hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated July 21, 1983, as denied its motion for summary judgment and ordered it to accept the verified bill of particulars, dated May 10, 1983, served upon it by plaintiff. ¶ Order affirmed, insofar as appealed from, without costs or disbursements, upon condition that within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry, plaintiff's attorney personally pay the sum of $1,000 to defendant. In the event that the condition is not complied with, order reversed, insofar as appealed from, as a matter of discretion, with costs, motion granted and action dismissed. ¶ Along with the service of its answer, defendant, on or about July 26, 1982, served plaintiff's counsel with a demand for a verified bill of particulars. When plaintiff failed to respond to the demand, defendant's counsel wrote to plaintiff's counsel on or about August 24, 1982 in an attempt to effect compliance while avoiding unnecessary motion practice. This request also went unheeded and on or about September 24, 1982, defendant moved to preclude plaintiff from offering any evidence at trial as to the items concerning which particulars had been demanded. By order dated November 3, 1982 (Grajales, J.), the motion to preclude was granted unless plaintiff served a bill of particulars within 60 days of service upon him of a copy of said order, with notice of entry. By agreement between counsel, plaintiff was afforded an additional 30 days within which to serve a responsive bill. When plaintiff still failed to comply, defendant moved for summary judgment on the ground that plaintiff was precluded from offering any evidence of the hospital's alleged negligence. On May 10, 1983, within a month of the date of defendant's notice of motion for summary judgment, plaintiff's bill of particulars was served. ¶ Defendant appeals from so much of the order of Special Term as denied its motion for summary judgment and directed that defendant accept the verified bill of particulars which had been served upon it by plaintiff. ¶ As a result of the 1983 amendments to the CPLR, courts are empowered to exercise their discretion in deciding motions to vacate defaults (see CPLR 2005, L 1983, ch 318). Among the factors to be considered are the presence of excusable neglect, absence of prejudice, brevity and nondeliberateness of the delay, meritoriousness of the cause of action, nature of the injuries and a good-faith intent to prosecute or defend the action (see *Zaldua v Metropolitan Suburban Bus Auth.,* 97 AD2d 842; *Mineroff v Macy's & Co.,* 97 AD2d 535; *Pettinato v Sunscape at Bay Shore Home Owners Assn.,* 97 AD2d 434). ¶ Under the circumstances of this case and particularly in view of the meritorious nature of this action as evinced by the hospital records (cf. *Weber v Victory Mem. Hosp.,* 98 AD2d 719), the absence of an intent to abandon the action, the lack of substantial prejudice to defendant and the public policy in favor of resolving cases on the merits, we conclude that it was not an abuse of discretion to have denied defendant's motion (*Stark v Marine Power & Light Co.,* 99 AD2d 753). However, inasmuch as the 1983 amendment to CPLR 2005 does not relieve litigants of the duty to comply with the time requirements of the CPLR, we have conditioned our affirmance of the order which, *inter alia,* denied defendant's motion upon compliance with appropriate sanctions imposed upon plaintiff's attorney

(*Stark v Marine Power & Light Co., supra; Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837). While the unexcused ignoring of deadlines is not to be condoned, the imposition of monetary sanctions will both meet this concern and accord with the public policy favoring the disposition of cases on their merits. ¶ The instant case is distinguishable from this court's decision in *Engel v Lichterman* (95 AD2d 536). In *Engel,* as here, the defendant made a motion for summary judgment based upon plaintiff's failure to comply with a conditional order of preclusion which had been granted on consent, and, as here, plaintiff denied receiving a copy of the conditional order with notice of entry, thus challenging the assertion that the conditional order had been violated. In *Engel,* we concluded that plaintiff's mere denial of receipt of the conditional order *without more* was insufficient, as a matter of law, to rebut the presumption that, having been properly mailed, the other had, in fact, been delivered. Similarly, in the instant case, the plaintiff having failed to rebut the fact of proper service of the conditional order, the issue, as it was in *Engel,* is whether the failure to comply with the conditional order was excusable. In *Engel,* by the time the motion for summary judgment was made, nearly three years had passed from the initial demand for a bill of particulars. That extensive a period of delay, combined with the fact that more than 15 months had passed since the consent order was entered, rendered the failure inexcusable. In the instant case, however, the delay was only approximately 10 months from the time that the original demand for a bill of particulars was made and, moreover, unlike the plaintiff in *Engel* who never served a bill of particulars, plaintiff at bar eventually did serve his bill. ¶ Under the circumstances, however, the dilatory conduct of plaintiff's attorneys calls for the imposition of an appropriate sanction (see *McElheron v Indian Hollow Elementary School,* 99 AD2d 827). Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.